The STATE of Ohio, Appellee,

v.

LAWRENCE, Appellant.

[Cite as *State v. Lawrence* (1996), 111 Ohio App.3d 44.]

Court of Appeals of Ohio,
Sixth District, Fulton County.

No. F–95–023.

Decided May 10, 1996.

*William R. Swigart,* Fulton County Prosecuting Attorney, for appellee.

*Gregory L. VanGunten,* for appellant.

*Per Curiam.*

This is an appeal from a judgment of the Fulton County Court of Common Pleas denying appellant credit for time served in jail while awaiting trial. Pursuant to Sixth District Court of Appeals Loc.App.R. 12(D), this case is assigned to the accelerated calendar.

Appellant sets forth the following assignment of error:

"The trial court erred in denying appellant credit for time served at the correctional facility of N.W. Ohio while awaiting trial, in violation of Ohio Revised Code Section 2967.191."

The facts relevant to the issue raised in this appeal are as follows. Appellant, Keith Lawrence, was serving a thirty-year sentence in the state of Indiana when he was indicted by the Fulton County, Ohio grand jury for complicity to commit aggravated murder and breaking and entering. He was brought to Fulton County for proceedings under this indictment pursuant to the Interstate Agreement on Detainers, R.C. 2963.30. The trial court did not set a bond in this matter. In the Fulton County Court of Common Pleas, appellant entered a plea of guilty to the offense of breaking and entering on September 5, 1995. After a jury trial, on September 15, 1995, appellant was found not guilty of complicity to commit aggravated murder. On September 19, 1995, he was sentenced to one

and one-half years' imprisonment for breaking and entering, which was ordered served consecutively to his Indiana sentence. Appellant was then returned to the state of Indiana. On October 5, 1995, appellant filed a motion for credit for time served, which was denied by the trial court. A timely notice of appeal was filed by appellant.

R.C. 2967.191 provides as follows:

"The adult parole authority shall reduce the minimum and maximum sentence of the definite sentence of a prisoner by the total number of days that the prisoner was confined for any reason *arising out of the offense for which he was convicted and sentenced * * *.*" (Emphasis added.)

The Interstate Agreement on Detainers is embodied in R.C. 2963.30 and in Article V provides:

"(d) [E]xcept for his attendance at court and while being transported to or from any place at which his presence may be required, the prisoner *shall be held in a suitable jail or other facility regularly used for persons awaiting prosecution.*

"(e) At the earliest practicable time consonant with the purposes of this agreement, the prisoner shall be returned to the sending state.

"(f) During the continuance of temporary custody or while the prisoner is otherwise being made available for trial as required by this agreement, *time being served on the sentence shall continue to run* but good time shall be earned by the prisoner only if, and to the extent that, the law and practice of the jurisdiction which imposed the sentence may allow.

"(g) For all purposes other than that for which temporary custody as provided in this agreement is exercised, *the prisoner shall be deemed to remain in the custody of and subject to the jurisdiction of the sending state* and any escape from temporary custody may be dealt with in the same manner as an escape from the original place of imprisonment or in any other manner permitted by law." (Emphasis added.)

In this case, appellant was serving a sentence in the state of Indiana when he was sent to Ohio under the Interstate Agreement on Detainers for proceedings in Fulton County, Ohio, in an unrelated case. Appellant argues that the failure of the Fulton County trial court to set a bond in the Ohio case caused him to remain in custody, and that he is, therefore, entitled to credit on his subsequent Ohio sentence.

However, it is clear that setting such a bond would have been superfluous in that under the Interstate Agreement on Detainers he was "deemed to remain in the custody of and subject to the jurisdiction of the sending state" while he was

being held and prosecuted in Ohio. Additionally, appellant's confinement did not arise out of the offense for which he was convicted and sentenced in Ohio, and that sentence was ordered served consecutively to the Indiana sentence. Appellant received credit on his Indiana sentence for all time spent in custody in Ohio.

Therefore, the trial court properly denied appellant credit for time spent in custody awaiting disposition of the charges pending in Fulton County, Ohio. Accordingly, appellant's assignment of error is found not well taken.

On consideration whereof, this court finds that substantial justice was done the party complaining and the decision of the Fulton County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.

*Judgment affirmed.*

HANDWORK, GLASSER and ABOOD, JJ., concur.