[Cite as *State v. Gent*, 2009-Ohio-5429.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## VAN WERT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,              CASE NO. 15-09-08

    v.

ROBERT GENT, JR.,                 O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Van Wert County Common Pleas Court
Trial Court No. CR 09-02-023

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision: October 13, 2009

APPEARANCES:

    *Kelly J. Rauch* for Appellant

    *Kevin Taylor* for Appellee

**SHAW, J.**

{¶1} Defendant-Appellant Robert Gent, Jr. ("Gent") appeals from the April 27, 2009 Judgment Entry of the Court of Common Pleas, Van Wert County, Ohio, denying Gent's motion for jail time credit.

{¶2} The facts relevant to this appeal are as follows. On March 7, 2008, the Van Wert County Grand Jury indicted Gent on two felony counts for Involuntary Manslaughter and Reckless Homicide. Gent remained in jail until his arraignment on March 12, 2008 when he was released on an unsecured personal surety bond. Shortly thereafter, Gent was arrested by Allen County, Indiana, authorities and incarcerated for a parole violation committed in that state. On May 8, 2008 when Gent failed to appear at a pretrial hearing, because he remained incarcerated in Indiana, the Van Wert trial court revoked Gent's personal surety bond and issued a warrant for his arrest. On July 23, 2008, Gent was sentenced for the parole violation in Indiana and subsequently sent to an Indiana correctional facility to begin serving his sentence. On October 14, 2008, the Indiana prison transferred Gent to the Van Wert Correctional Facility to stand trial for the felony counts listed on the March 7, 2008 indictment.

{¶3} On February 6, 2009, the Grand Jury reindicted Gent on the Involuntary Manslaughter count to correct a defect in the original indictment and dropped the Reckless Homicide count. On February 26, 2009, Gent entered a plea

of "No Contest" to a Bill of Information charging Assault, a first degree

misdemeanor, and specifying the following agreement as a basis for the plea.

> **The State will dismiss the involuntary Manslaughter indictment and will recommend a sentence of 180 days in jail to run consecutively to defendant's sentence in Indiana. Defendant will execute a waiver of extradition and will return to Ohio to serve his jail sentence after he is released from prison in Indiana.**

Gent signed the Bill of Information and trial court dismissed the felony charge

previously indicted.[1]  On March 11, 2009, the trial court found Gent guilty of

Assault and sentenced him 180 days in the Van Wert County jail to be served

consecutive to the sentence he was serving in Indiana.  Two weeks later, Gent was

returned to the Indiana prison to complete the remainder of his sentence for his

offense in that state.

{¶4}  On April 8, 2009, Gent filed a Motion for Jail Time Credit under

R.C. 2949.08(C) for the 163 days he was incarcerated in Van Wert, from October

14, 2008 to March, 25, 2009.  The trial court ultimately denied Gent's motion

stating:

> **This court finds that the Defendant is not entitled to any jail time credit toward his sentence in Van Wert County since he was under sentence from the state of Indiana while incarcerated in Van Wert County, Ohio.  Further the plea agreement and the sentence specifically stated that the defendant was to serve his**

---

[1] For ease and clarity of review, it should be noted that the original March 2008 indictment, Case No. CR-08-03-014, was later superseded by the February 2009 reindictment, Case No. 09-02-017.  The trial court eventually consolidated Case No. 09-02-017 to be a part of Case No. 09-02-023, under which the Bill of Information was filed.

**sentence in Van Wert County, Ohio after his prison term in the state of Indiana.**

**{¶5}** Gent now appeals, asserting a single assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR JAIL TIME CREDIT.**

**{¶6}** In his sole assignment of error, Gent argues that the trial court erred by denying his motion for jail time credit. Specifically, Gent asserts that he should be granted jail time credit for the 163 days he spent incarcerated in Van Wert County, from October 14, 2008 to March 25, 2009, while awaiting the final disposition of his trial.

**{¶7}** Gent primarily relies on R.C. 2949.08(C)(1) which states in pertinent part:

> **If the person is sentenced to a jail for * * * a misdemeanor, the jailer in charge of a jail shall reduce the sentence of a person delivered into the jailer's custody * * * by the total number of days the person was confined for any reason *arising out of the offense for which the person was convicted and sentenced*, including confinement in lieu of bail while awaiting trial** . . . . (Emphasis added).

This identical statutory language is also found in R.C. 2967.191 and has been thoroughly interpreted in cases analyzing its application to apply only to the time spent in confinement "arising out of the offense for which the prisoner was convicted and sentenced" and does not entitle a prisoner to "credit for time served

in another jurisdiction for another offense." *State v. McWilliams* (1998), 126 Ohio App.3d 398, 400, 710 N.E.2d 729.

{¶8} Prior to his arrival to the Van Wert County Correctional Facility on October 14, 2008, Gent was imprisoned in Indiana where he was serving a sentence for a separate offense. Despite being physically detained in Van Wert, Gent accrued credit for time served toward his Indiana sentence. Thus, Gent's confinement in Van Wert for this period of time was not *arising out of* the Van Wert offense for which he was later convicted and sentenced. See *State v. Lawrence* (1996), 111 Ohio App.3d 44, 46-47, 675 N.E.2d 569 (denying jail time credit on identical facts and finding that appellant received credit only on his Indiana sentence for all the time spent in custody in Ohio); see also *State ex rel. Moss v. Subora* (1987), 29 Ohio St.3d 66, 505 N.E.2d 965 (holding that the defendant was not entitled to have the time credited twice against sentences imposed for two separate offenses committed in different jurisdictions). Therefore, because Gent continued to serve time under his Indiana sentence while confined in Van Wert, he is not entitled to double credit for both the Indiana and Van Wert sentences.

{¶9} Furthermore, despite the language of the statute above, to credit the time as Gent now requests contradicts the express sentencing authority of the trial court. R.C. 2929.41(B)(1) states:

> **A jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court specifies that it is to be served consecutively . . . .**

In the instant case, the trial court specified in the judgment entry for sentencing that the jail term for Gent's misdemeanor conviction would be served consecutive to his Indiana prison sentence.

> **Defendant is sentenced to 180 days in the Van Wert County Jail to be served in the custody of the Van Wert County Sheriff. The court further orders that this sentence be served *consecutive* to the sentence the Defendant is now serving in Indiana. After the Defendant has completed his sentence in the State of Indiana he will return to the State of Ohio to serve his 180 days in the Van Wert County Jail.** (Judgment Entry, March 13, 2009) (Emphasis added).

The trial court clearly exercised its authority consistent with the sentencing statute above. Therefore because the trial court acted within its authority to specify the misdemeanor sentence to be served consecutively, Gent is not entitled to jail time credit for the time he spent in Van Wert from October 2008 to March 2009.

{¶10} In addition, Gent entered into a plea agreement which specifically states that he would serve his sentence in Van Wert after the completion of his prison term in Indiana. In exchange for pursuing a lesser charge, the State recommended a sentence of 180 days to be served consecutive to Gent's Indiana prison term. The agreement further stated that Gent "will return to Ohio to serve his jail sentence after he is released from prison in Indiana." Thus, upon entering

his plea of no contest, Gent agreed to serve his sentence in Van Wert consecutive to his Indiana prison sentence.

{¶11} We note, however, that apart from the contested 163 days, Gent is entitled to five days of jail time credit from his indictment on March 7, 2008 to his arraignment and release on March 12, 2008. During this time, Gent was incarcerated in Van Wert solely related to the offense committed there. It was after his release from Van Wert custody that Gent was arrested and incarcerated by the Indiana authorities.

{¶12} Based on the foregoing, the March 11, 2009 Judgment Entry of the Court of Common Pleas, Van Wert County, Ohio, denying Gent's motion for jail time credit is affirmed in part as to the 163 days from October 14, 2008 to March 25, 2009 and reversed in part as to the five days spent in Van Wert custody between March 7, 2008 to March 12, 2008. The cause is remanded to the trial court with instructions to grant Gent jail time credit for the five days from March 7, 2008 to March 12, 2008.

*Judgment Affirmed in Part,*
*Reversed in Part, and*
*Cause Remanded*

**PRESTON, P.J. and ROGERS, J., concur.**

**/jlr**