[Cite as *State v. Spencer*, 2016-Ohio-5304.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| BRANDO SPENCER | : | Case No. 2015CA00188 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:            Appeal from the Alliance Muncipal
                                    Court, Case No. 2015CRB606

JUDGMENT:                           Affirmed

DATE OF JUDGMENT:                   August 8, 2016

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

MATTHEW S. KUHN                                 CRISTIN ROUSH
Alliance City Prosecutor                        Stark County Public Defender
470 East Market Street                          201 Cleveland Ave. SW, Suite 104
Alliance, Ohio 44601                            Canton, Ohio 44702

*Baldwin, J.*

**{¶1}** Appellant Brando Spencer appeals a judgment of the Alliance Municipal Court convicting him of one count of theft in violation of Ohio Revised Code § 2913.02(A)(1). Appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On September 29, 2014, an individual named Brenda Haywood was dropped off by Defendant-Appellant Brando Spencer in front of the Lowe's store located at 2595 W. State Street, Alliance, Ohio. At the time of her drop-off and entrance into the garden center portion of the store, Ms. Haywood was empty-handed. Ms. Haywood then acquired a shopping cart and proceeded through the Lowe's. At some point during her time in the Lowe's, Ms. Haywood acquired a rug valued at $286.00. Shortly thereafter, Appellant entered the Lowe's, also empty-handed, and met up with Ms. Haywood. The two then proceeded to the returns register where they returned the rug Ms. Haywood had acquired from somewhere within the store, having never paid for it.

**{¶3}** In order to make a return without a receipt, which Appellant and Ms. Haywood did not possess, store policy requires that the returnee provide a valid driver's license in order to keep a record of returns that, when checked, allow Lowe's to identify those who have previously made fraudulent returns. When asked to provide a driver's license, Ms. Haywood was unable to do so, leaving Appellant to provide his license to go on the record as the one initiating the return. The Lowe's employee completed the return and gave a merchandise card containing the "refund" to Ms. Haywood. Appellant and Ms. Haywood then left the store.

**{¶4}** Later, Lowe's Loss Prevention and Safety worker, Conner Fry, while reviewing all returns to Lowe's over $150.00 in value, determined that the return of the $268.00 rug was fraudulent. In reviewing the video footage of the return, he saw that Ms. Haywood acquired the rug while in the store before fraudulently returning it. Mr. Fry also recognized Ms. Haywood because of company emails he received regarding her previous criminal activity at another Lowe's. Further video footage showed Appellant dropping Ms. Haywood off, meeting her in the store, and providing his driver's license in order to complete the return transaction to acquire the merchandise card. Having identified both parties, Mr. Fry then notified the police of Ms. Haywood's and Appellant's involvement in the theft of Lowe's property.

**{¶5}** Appellant was arrested on a warrant on May 11, 2015. After a trial by jury on September 17, 2015, Appellant was found guilty of theft, a misdemeanor, resulting in a fine of $400.00 that included restitution of $268.00 to the Lowe's, banishment from the Lowe's store for one year, a sentence of 180 days in jail with 175 days suspended, and a requirement a year of good behavior.

**{¶6}** Appellant assigns one error on appeal arising from the September 17, 2015, jury trial, having found Appellant guilty of theft:

**{¶7}** "THE TRIAL COURT ERRED IN ADOPTING THE GUILTY FINDING AS THE FINDING WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

**{¶8}** Appellant's only assignment of error claims that the judgment was against the manifest weight and sufficiency of the evidence. Specifically, appellant suggests that (1) the State failed to prove beyond a reasonable doubt that Appellant knew Ms. Haywood

was committing a fraudulent return, (2) the State failed to prove beyond a reasonable doubt that Appellant obtained or exerted control over property involved in the fraudulent return, and (3) the State failed to properly identify Appellant as the "Brando Spencer" who was charged with committing the theft.

**{¶9}** To determine whether a verdict is against the manifest weight of the evidence, the appellate court, "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997–Ohio–52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

**{¶10}** An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

**{¶11}** Appellant was convicted of theft in violation of O.R.C. § 2913.02(A)(1):

(A)   No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

(1)   Without the consent of the owner or person authorized to give consent;

{¶12} Appellant's first argument that the State failed to prove that Appellant knew that Ms. Haywood was making a fraudulent return is not persuasive. Appellant's counsel states that Appellant would not have freely given his personal identification if he had known that Ms. Haywood was committing fraud. However, it was clearly reasonable for the jury to draw the conclusion from Mr. Fry's testimony that Appellant had such knowledge of the fraudulent return. Fry testified that after Appellant dropped off Ms. Haywood, who carried nothing into Lowe's, Appellant later met up with her to initiate a return of an item she previously could not have possessed without attracting Appellant's notice. Without evidence or testimony contradicting this testimony, the jury could have rationally concluded that Appellant "knowingly" participated in the theft and that no mistake or accident occurred. The inference made by the jury that Appellant had knowledge of the fraudulent return because of the involved role he played is not against the manifest weight or the sufficiency of the evidence.

{¶13} Appellant's second argument that the State failed to prove that Appellant obtained or exerted control over the stolen property is also unpersuasive. Appellant argues that he never touched the rug, he was not the one who signed for the card, he was not the one who took the merchandise card, and he never held the merchandise card while on video surveillance. However, in reviewing all evidence and reasonable inferences, it is clear that but for Appellant providing his driver's license, Ms. Haywood would never have had an opportunity to sign for or possess the merchandise card, as Ms. Haywood was unable to give her own license because it had been "shut down." Tr. at 83. This was also not Ms. Haywood's first time fraudulently returning something to Lowe's, as company security had been notified as to her identity for a similar transgression, as

testified to by Mr. Fry. The jury's conclusion was not against the manifest weight and sufficiency of the evidence. The Appellant, by providing his identification to engage in the fraudulent return, did obtain or exert control over the stolen merchandise card through providing his identification to enact the fraudulent return. The jury, after considering the evidence including testimony and video, did not further a "miscarriage of justice".

{¶14} Finally, Appellant argues that the State failed to identify the Appellant as the "Brando Spencer" charged with committing theft. This argument turns on the fact that when Mr. Fry described the accused as a "slender black male. Uh, mid-fifties, maybe early sixties. Short, dark black hair," Mr. Fry failed to properly identify Appellant as Brando Spencer, only stating that "He's the guy over there." Tr. 75:25-76:11. Appellant alleges that because the record does not reflect who Mr. Fry was pointing to or where the accused was sitting, Appellant was not properly identified. However, the evidence presented at trial could still have led a reasonably prudent jury to identify Appellant as the "Brando Spencer" that was accused of theft. Not only did Mr. Fry testify as to the physical description of Appellant, but video evidence of Appellant completing the fraudulent return and the receipt from the transaction that was labelled with Appellant's name and address were also provided for the jury. The finding that Appellant was properly identified and confirmed to be the Brando Spencer originally charged is not against the manifest weight or sufficiency of the evidence.

{¶15} Further, an appellant bears the burden of showing error by reference to the matters in the record. E.g., *City of Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515, 516 (10th Dist.1987). The record does not reflect that Mr. Fry's in-court identification of appellant was erroneous.

{¶16} In conclusion, when the evidence is viewed in a light most favorable to the prosecution, a rational trier of fact could have found that the State proved all essential elements of the crime of theft under O.R.C. § 2913.02(A)(1) and properly identified Appellant as the offender.  The judgment is not against the manifest weight or sufficiency of the evidence.

{¶17} Appellant's assignment of error is overruled. Accordingly, the judgment of the Alliance County Municipal Court is affirmed. Costs are assessed to Appellant.

By: Baldwin, J.

and Gwin, P.J. concur.

Hoffman, J. concurs in part

and dissents in part.

*Hoffman, J., concurring in part and dissenting in part*

{¶18} I concur in the majority's analysis and decision rejecting Appellant's claim the jury's verdict was against the manifest weight of the evidence regarding Appellant's knowledge about Ms. Haywood committing a fraudulent return and regarding Appellant's identification.

{¶19} I respectfully, albeit somewhat reluctantly, dissent from the majority's conclusion the evidence supported the jury's verdict Appellant obtained or exerted control over the property involved in the fraudulent return. I say reluctantly because I believe Appellant could have been convicted of complicity to theft had such been charged and/or the jury so instructed under the theory of aiding or abetting another in the commission of an offense. However, because Appellant was not so charged nor did the prosecution argue such theory, nor was the jury so instructed,[1] my analysis is limited to review of the evidence used to establish Appellant, and not Ms. Haywood, obtained or exerted control over the rug or merchandise card.

{¶20} There is no evidence to establish Appellant obtained or exerted control over either. I readily agree with the majority "it is clear that **but for** Appellant providing his driver's license, Ms. Haywood would never have had an opportunity to sign for or possess the merchandise card." (Maj. Op. at ¶13, emphasis added).[2] The majority then concludes, "The Appellant, by providing his identification to engage in the fraudulent

---

[1] Appellee conceded the same during oral argument.

[2] The majority additionally references the fact this was not Ms. Haywood's first time fraudulently returning something to Lowe's in its discussion of Appellant's assertion the evidence failed to show he obtained or exerted control over the stolen property. While the majority's statement is accurate, I find it irrelevant to the analysis on this issue.

return, did obtain or exert control over the stolen merchandise card…" (Majority Opinion at ¶13). I disagree.

{¶21} While Appellant did exert control over his driver's license, the license was only used to facilitate Ms. Haywood's obtaining the merchandise card. The fact remains it was Ms. Haywood who obtained or exerted control over both the rug and the merchandise card, not Appellant. While the evidence would support a verdict Appellant was complicit in the commission of the theft, it is insufficient to establish Appellant's guilt as a principal offender as he was charged and as presented by the prosecution to the jury.