[Cite as *State v. Thorn*, 2018-Ohio-1028.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 16 BE 0054 |
| V. | ) | 17 BE 0013 |
| | ) | |
| JASON MYERS THORN, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:          Criminal Appeal from Court of Common
                                   Pleas of Belmont County, Ohio
                                   Case No. 16 CR 167

JUDGMENT:                          Affirmed.

APPEARANCES:
For Plaintiff-Appellee             Attorney J. Flanagan
                                   Courthouse Annex 1
                                   147-A West Main Street
                                   St. Clairsville, Ohio 43950
                                   No Brief Filed

For Defendant-Appellant            Attorney Peter Galyardt
                                   250 East Broad Street, Suite 1400
                                   Columbus, Ohio 43215

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

                                   Dated:  March 15, 2018

DONOFRIO, J.

{¶1} Defendant-appellant, Jason Thorn, appeals his conviction in the Belmont County Court of Common pleas following a jury trial for one count of possession of drugs in violation of R.C. 2925.11(A)(C)(6)(a), a felony of the fifth degree, and one count of theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree.

{¶2} Appellant entered a Walmart store and picked up three internet routers from the electronics section. Appellant then took the routers to the customer service desk where he attempted to return them for store credit. The store credit would have been placed on a gift card. After appellant handed the routers over to customer service representatives but before appellant received the gift card from Walmart employees, appellant was detained by Walmart security for the fraudulent return of the routers. Walmart security then called the Belmont County Sheriff's Department who arrested appellant for theft. Police then performed a search incident to an arrest which revealed that appellant was in possession of a small amount of a substance deputies believed to be heroin. The substance was later confirmed to be heroin.

{¶3} Appellant appeared in the Belmont County Court, Northern Division for an initial appearance where his Crim.R. 5 rights were read. The Belmont County Court, Northern Division then scheduled a preliminary hearing. The preliminary hearing was continued multiple times for various reasons but appellant never appeared for the hearing and a warrant was issued for his arrest. Appellant never appeared for the preliminary hearing because he was incarcerated in Pennsylvania on or about February 17, 2015 for a parole violation. On February 23, 2015, appellant submitted an inmate request to the Pennsylvania Department of Corrections apparently attempting to exercise his rights pursuant to the Interstate Agreement on Detainers (IAD) to resolve his outstanding charges in Belmont County, Ohio.

{¶4} On September 2, 2015, appellant filed a pro se motion in the Belmont County Court, Northern Division to dismiss this action pursuant to the IAD for violations of his right to a speedy trial. Appellant attached numerous exhibits to this motion, including his February 23, 2015 inmate request. On September 4, 2015, the

Belmont County Court, Northern Division denied appellant's motion on the basis that he never filed a demand with the court.

**{¶5}** On December 28, 2015, the Belmont County Court, Northern Division received a handwritten letter from appellant seeking the disposition of the charges against him using other methods than him being present in court, such as video conference. In this letter, appellant specifically stated that he did not want to exercise his rights pursuant to the IAD on the basis that his transfer to Ohio would negatively impact his Pennsylvania rehabilitation programs.

**{¶6}** Appellant eventually appeared in the Belmont County Court, Northern Division on February 26, 2016. This was over one year after appellant was arrested for theft and possession of heroin. On March 7, 2016, appellant filed another motion to dismiss this action pursuant to the IAD for violations of his right to a speedy trial. On May 20, 2016, the Belmont County Court, Northern Division denied this motion again on the basis that appellant never filed a demand for a trial in Belmont County and that appellant's December 28, 2015 letter specifically waived any right appellant had under the IAD.

**{¶7}** Appellant was then indicted on both counts and the case was transferred to the Belmont County Court of Common Pleas. The trial court issued appellant a personal recognizance bond but appellant was still detained in Belmont County for purposes of continuing his Pennsylvania sentence.

**{¶8}** There were several pretrial hearings that concerned multiple pretrial issues. Relevant to this appeal, on July 25, 2016, a pretrial hearing was held in which the trial court informed appellant that if he were convicted and sentenced in this matter, he would receive jail credit for the time he served in an Ohio jail while awaiting trial.

**{¶9}** Also relevant to this appeal, the trial court held a hearing on August 29, 2016. The August 29, 2016 hearing concerned a pro se motion appellant filed seeking to dismiss this action again pursuant to the IAD for violations of appellant's right to a speedy trial. The trial court denied this motion to dismiss.

**{¶10}** A jury trial was eventually conducted in this action. At the conclusion of the State of Ohio's, case, appellant moved pursuant to Crim.R. 29 to dismiss the theft charge on the basis that the state failed to prove that appellant exerted control over any property of Walmart. The trial court denied appellant's motion. At the conclusion of the trial, the jury found appellant guilty of both counts.

**{¶11}** During the sentencing hearing, appellant requested that he be given jail credit for all time served while in jail in Belmont County, Ohio while he was awaiting trial. Appellant argued that this amounted to 215 days. This was also the amount of jail credit listed in appellant's presentence report. But the trial court noted that the 215 days of credit listed in the presentence report was a mistake as the trial court issued appellant a recognizance bond. The trial court noted that appellant had only seven days of jail credit. Ultimately, the trial court sentenced appellant to serve one year of incarceration on the drug possession conviction and six months of incarceration on the theft conviction. The trial court ordered that these sentences be served concurrently and gave appellant seven days of jail credit.

**{¶12}** The trial court's sentence was memorialized in a journal entry dated September 21, 2016. Appellant timely filed this appeal on October 11, 2016. Appellant now raises three assignments of error.

**{¶13}** Appellant's first assignment of error states:

THE COURTS BELOW COMMITTED REVERSIBLE ERROR WHEN THEY DENIED JASON THORN'S MOTIONS TO DISMISS ON SPEEDY-TRIAL GROUNDS. R.C. 2963.30 SEPT. 4, 2015 JOURNAL ENTRY (BELMONT COUNTY NORTHERN DIVISION COURT, CASE NO. 15-CRA-50); MAY 25, 2016 JOURNAL ENTRY (BELMONT COUNTY NORTHER DIVISION COURT, CASE NO. 15-CRA-50); AUG. 31, 2016 JOURNAL ENTRY.

**{¶14}** Appellant argues that he substantially complied with his requirements pursuant to Ohio's IAD codified at R.C. 2963.30. Appellant argues that because he

substantially complied with the IAD, his trial should have occurred within 180 days of his substantial compliance. As that did not happen, appellant argues that his speedy trial right was violated and the trial court's denial of his motion to dismiss was error.

{¶15} The state did not file an answer brief in this matter. Pursuant to App.R. 18(C), this Court may accept the appellant's statement of the facts as true and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.

{¶16} A trial court's decision on a motion to dismiss is reviewed under a de novo standard of review. *Columbiana v. Frost*, 7th Dist. No. 14-CO-38, 2016-Ohio-1057 ¶ 19 citing *State v. Rhode*, 11th Dist. No. 2010-P-0015, 2011-Ohio-2455. "A de novo standard of review affords no deference to the trial court's decision, and the appellate court independently reviews the record." *Id.* citing *Gilchrist v. Gonsor*, 8th Dist. No. 88609, 2007-Ohio-3903. Trial court decisions concerning the interpretation of the IAD are also subject to a de novo review. *State v. Braden*, 197 Ohio App.3d 534, 2011-Ohio-6691, 968 N.E.2d 49 (11th Dist.).

{¶17} Ohio became a party state to the IAD in 1969. Pennsylvania is also a party state to the IAD. The IAD provides, in relevant part:

> (a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable

continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.

(b) The written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the warden, commissioner of corrections or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested.

R.C. 2963.30 Art. III(a)-(b).

**{¶18}** The 180 day speedy trial time period begins to run when a defendant substantially complies with the requirements set forth in Articles III(a) and III(b) of R.C. 2963.30. *State v. Quinones*, 168 Ohio App.3d 425, 428, 2006-Ohio-4096, 860 N.E.2d 793 quoting *State v. Mourney*, 64 Ohio St.3d 482, 485, 597 N.E.2d 101 (1992). Substantial compliance means the defendant did "everything that could be reasonably expected." *Id.* quoting *State v. Ferguson*, 41 Ohio App.3d 306, 535 N.E.2d 708 (10th Dist. 1987).

**{¶19}** The record shows that the first motion to dismiss appellant made concerning the IAD was his September 2, 2015 motion in the Belmont County Court, Northern Division. In this motion, appellant argued that his right to a speedy trial was violated and moved to dismiss the charges pursuant to the IAD. Appellant attached to this motion a copy of an inmate request he made dated February 23, 2015 to his Pennsylvania corrections superintendent, Mark Copozza. The request states:

I'm requesting in need to resolve current charges [i]n Belmont County,

Ohio. I want to exercise my right to resolve charges using the In[t]erstate Agreement on Detainers, (IAD). Please [refer] me to the proper people to accomplish these [proceedings].

September 2, 2015 motion to dismiss, ¶ 10 exhibit.

**{¶20}** Article III of the IAD requires the detainee to serve notice on both the prosecutor and the court, which must also contain a certification from the warden stating the terms of the detainee's incarceration. *State v. Levy*, 8th Dist. No. 83114, 2004-Ohio-4489, ¶ 10. In this case, the record does not indicate that appellant filed such a demand with the court or the prosecutor. There is also no indication in the record of a certificate from any Pennsylvania correctional facility stating the terms of appellant's incarceration. Because appellant did not file a proper demand pursuant to the IAD, the trial court's decision to deny appellant's motion to dismiss was not error.

**{¶21}** Accordingly, appellant's first assignment of error lacks merit and is overruled.

**{¶22}** Appellant's second assignment of error states:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DID NOT GIVE JASON THORN JAIL-TIME CREDIT FOR ALL OF THE TIME THAT HE SPENT IN JAIL. R.C. 2967.191. JULY 25, 206 TR. 5. SEPT. 21, 2016 SENTENCING JUDGMENT ENTRY; FEB 9, 2017 JOURNAL ENTRY.

**{¶23}** Appellant argues that not only did he spend 215 days incarcerated in Belmont County awaiting trial on this action, he was promised by the trial court that he would receive jail credit for each day he spent incarcerated. At the sentencing hearing, appellant only received credit for seven days and now argues that he is entitled to the full 215 days of credit.

**{¶24}** An appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not

support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231 ¶ 1 citing R.C. 2953.08(G)(2).

{¶25} The Sixth District dealt with almost an identical issue in *State v. Lawrence*, 6th 111 Ohio App.3d 44, 675 N.E.2d 569 (6th Dist. 1996). In *Lawrence*, defendant-appellant Lawrence was serving a thirty-year sentence in Indiana when he was indicted in the Fulton County Court of Common Pleas in Ohio for one count of complicity to commit aggravated murder and one count of breaking and entering. *Id.* at 45. Lawrence was then transferred to Fulton County, Ohio under the IAD. *Id.* Lawrence pled guilty to the breaking and entering charge and not guilty to the complicity to commit aggravated murder charge. *Id.* The trial court did not set a bond in this matter. *Id.* After the jury trial, Lawrence was found not guilty on the complicity to commit aggravated murder charge. *Id.* After Lawrence was found guilty on the breaking and entering charge, he was sentenced to one and a half years of incarceration which was to be served consecutively with his Indiana prison sentence. *Id.* at 46. Lawrence was then transferred back to Indiana. *Id.* Lawrence then filed a motion for credit for time served with the trial court which was denied. *Id.*

{¶26} In affirming the trial court's decision, the Sixth District held that issuing Lawrence a bond would have been superfluous because he was "deemed to remain in the custody of and subject to the jurisdiction of the sending state" while he was being held and awaiting trial in Ohio. *Id.* at 46-47. In essence, while a bond was not issued but Lawrence was detained, he was deemed to be serving his Indiana sentence in Ohio while he was awaiting trial.

{¶27} In this case, appellant was issued a recognizance bond but was still detained in Ohio due to his parole violation in Pennsylvania. While awaiting trial in Ohio, appellant was still in the custody of and subject to the jurisdiction of the sending state, Pennsylvania, pursuant to R.C. 2963.30, Article V(g).

{¶28} Appellant also argues that, under the doctrine of promissory estoppel, he is entitled to the full 215 days of credit for time served. Appellant argues that the

following passage made to him by the trial court constitutes a promise that appellant relied on and that the trial court should be estopped from revoking:

> **The Court:** Is your question whether you will receive credit for the time served that you spend here in the county jail?
>
> **The Defendant:** Well, yeah, that's a question.
>
> * * *
>
> **The Court:** You would receive credit for the time you serve in our jail. I don't know if Pennsylvania will do the same. That's up to them.

July 25, 2016 Tr. 5.

{¶29} Appellant's argument lacks merit for two reasons. First, as appellant points out, the principle of estoppel does not apply against a state or its agencies in the exercise of a governmental function. *Ohio State Bd. of Pharmacy v. Frantz*, 51 Ohio St.3d 143, 145-146, 555 N.E.2d 630 (1990). Second, as previously stated, the record indicates that appellant was not being detained in Ohio to guarantee his presence at trial, he was being detained in Ohio pursuant to the IAD for his parole violation in Pennsylvania.

{¶30} Moreover, the equity principles of estoppel that appellant relies on in his brief would not be served if he received 215 days of jail credit. If appellant were to receive 215 days of jail credit on his sentence in this case, then the time appellant spent incarcerated in Ohio pursuant to his Pennsylvania parole violation would also count towards any future sentence he would have received in this action. In essence, appellant would be receiving double jail credit. Ultimately, the trial court's judgment granting appellant only seven days of jail credit was proper.

{¶31} Accordingly, appellant's second assignment of error lacks merit and is overruled.

{¶32} Appellant's third assignment of error states:

THE TRIAL COURT ERRED IN DENYING JASON THORN'S CRIM. R.

29 MOTION FOR ACQUITTAL, AND VIOLATED HIS RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN, IN THE ABSENCE OF SUFFICIENT EVIDENCE, IT CONVICTED HIM OF THEFT. FIFTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION; ARTICLE 1, SECTIONS 10 AND 16, OHIO CONSTITUTION. R.C. 2913.02. TRIAL TR. 119-121, 125-126, 194-195, 207-208. SEPT. 21, 2016 SENTENCING JUDGMENT ENTRY.

**{¶33}** Appellant argues that the state failed to prove beyond a reasonable doubt that he obtained or exerted control over the gift card at issue. As this is an element of theft, appellant argues that there is insufficient evidence in the record to support his theft conviction.

**{¶34}** Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the verdict. *State v. Dickson*, 7th Dist. No. 12 CO 50, 2013-Ohio-5293, ¶ 10 citing *State v. Thompkins*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997). Sufficiency is a test of adequacy. *Id.* Whether the evidence is legally sufficient to sustain a verdict is a question of law. *Id.* In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements proven beyond a reasonable doubt. *Id.* citing *State v. Goff*, 82 Ohio St.3d 123, 138, 694 N.E.2d 916 (1998). When evaluating the sufficiency of the evidence to prove the elements, it must be remembered that circumstantial evidence has the same probative value as direct evidence. *Id.* citing *State v. Jenks*, 61 Ohio St.3d 259, 272-273, 574 N.E.2d 492 (1991) (superseded by state constitutional amendment on other grounds).

**{¶35}** Count 2 of appellant's indictment was for theft pursuant to R.C. 2913.02(A)(1). "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property * * * without the consent of the owner or person authorized to give consent." R.C 2913.02(A)(1).

**{¶36}** Appellant contends that he did not commit theft because he never obtained nor exerted control over anything of monetary value when he attempted to fraudulently return the routers. Appellant argues Cedric Robinson, one of the Walmart loss prevention employees who observed appellant inside the store, testified at trial that appellant never had possession or exerted control over a gift card. (Trial Tr. 113-114, 121).

**{¶37}** The Fifth District's decision in *State v. Spencer*, 5th Dist. No. 2015CA00188, 2016-Ohio-5304, provides some guidance on this issue. In *Spencer*, Spencer dropped off an accomplice in front of a Lowe's store. *Id.* at ¶ 2. The accomplice picked up a rug inside the store and placed it in a shopping cart. *Id.* Spencer then met his accomplice inside the store and the two proceeded to the returns aisle to return the rug without paying for it. *Id.* A Lowe's employee completed the return and gave a merchandise card to the accomplice. *Id.* at ¶ 3.

**{¶38}** Spencer was then charged and convicted of theft. *Id.* at ¶ 5. On appeal, Spencer argued that his theft conviction was insufficient because the element of obtaining or exerting control over the property was not met. *Id.* at ¶ 8. Spencer argued the element was not met because he never touched the rug nor touched the merchandise card. *Id.* at ¶ 13. The Eighth District held that because Spencer engaged in acts consistent with a fraudulent return, he did knowingly obtain or exert control over the merchandise card. *Id.*

**{¶39}** In this case, while appellant did not receive the gift card before being apprehended, he did initiate a fraudulent return for the purposes of obtaining the gift card. This is similar to the facts in *Spencer* where Spencer initiated the fraudulent return but did not physically possess the stolen merchandise.

**{¶40}** Moreover, even though appellant did not leave the store with the gift card in this case, the law does not require the store to wait until the defendant leaves a store with merchandise before apprehending said defendant for shoplifting. *State v. Arthur,* 4th Dist. No. 01CA2818, 2002-Ohio-3764, ¶ 17 citing *State v. Williams*, 16 Ohio App.3d 232, 234, 475 N.E.2d 168 (2d Dist. 1984). Ultimately, appellant's theft

conviction was sufficient as a matter of law.

**{¶41}** Accordingly, appellant's third assignment of error lacks merit and is overruled.

**{¶42}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., Concurs

Robb, P. J., Concurs