[Cite as *State v. Runion*, 2025-Ohio-4619.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ZACHARY CHARLES RUNION,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 MA 0027**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2024 CR 566

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Reversed and Vacated.

---

*Atty. Lynn Maro*, Mahoning County Prosecutor*, and *Atty. Kristie M. Weibling*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Alex Ugolini,* FG+G, for Defendant-Appellant.

Dated:  October 3, 2025

**HANNI, J.**

{¶1}    Defendant-Appellant, Zachary Charles Runion, appeals a Mahoning County Court of Common Pleas judgment finding him guilty of Failure to Provide Notice of a Change of Address and sentencing him to 12 months in prison.  Appellant contends the trial court lacked sufficient evidence to find him guilty of the offense.

{¶2}    The State filed a Confession of Error agreeing that sufficient evidence does not support Appellant's conviction.  The State concedes that the evidence at trial showed Appellant left Ohio and returned 6 days later, and the offense could only have occurred if Appellant was absent from the State of Ohio for 7 days or more.

{¶3}    For the following reasons, we reverse and vacate the trial court's conviction and sentence.  R.C. 2950.05(F)(1)(a) requires sex offenders to notify the sheriff of a change of address and the statute applies to a "fixed residence address."  R.C. 2950.01(AA) defines a "fixed residence address" as a permanent residential address, which does not include a temporary address.  The evidence at trial did not establish that by leaving the State of Ohio, Appellant changed or intended to change his fixed residence address.  Accordingly, the evidence did not support a conviction under R.C. 2950.05(F)(1).

{¶4}    Moreover, while 28 C.F.R. 72.6(c)(2) requires a sex offender to provide information about any place he is staying when away from his residence, this is only required if he is away from the residence for 7 or more days.  The evidence at trial established Appellant was away from his residence for 5 days and presented to the sheriff's office on the sixth day.  Accordingly, no evidence at trial sufficiently established that Appellant was required to notify the sheriff of his temporary lodging information while he was away.

{¶5}    Appellant was indicted in Mahoning County for failure to notify the Mahoning County Sheriff's Office of a change in his address in violation of R.C. 2950.05(F)(1) and 2950.99(A)(1)(a)(ii), a fourth-degree felony.  At trial, Mahoning County Sheriff's Deputy Will Harris testified that he is assigned to the East Northern Sex Offender Registration Enforcement Unit.  (Trial Tr., 8-9).  He stated that Appellant is a Tier II sex offender and

is required to register with the Mahoning County Sheriff's Office for 20 or 25 years, which he had been doing since 2011.  (Trial Tr., 11).

**{¶6}**  Deputy Harris testified that in August 2024, an Austintown police sergeant informed him that a citizen living in Compass West Apartments in Austintown complained Appellant was living there even though it was not his registered address.  (Trial Tr., 12).  Deputy Harris identified Appellant's registered address, which was not located in the Compass West Apartments.  (Trial Tr., 12).

**{¶7}**  Deputy Harris explained he reached out to Appellant and Appellant informed him he had been in the Carolinas for five days.  (Trial Tr., 12-13).  He testified that he could not recall if it was North or South Carolina, but he told Appellant to return to Ohio and come to his office.  (Trial Tr., 12-13).

**{¶8}**  Deputy Harris indicated that Appellant returned and met with him on August 15, 2024 or August 16, 2024.  (Trial Tr., 14-15).  When asked if registered sex offenders are given specific instructions on what to do if they want to briefly leave the state, Deputy Harris testified Appellant had to inform him if he wanted to leave for more than 3 days.  (Trial Tr., 16-17).  He referred to R.C. 2950.05.  (Trial Tr., 17).  When defense counsel asked if that statute referred to a change of address, Deputy Harris agreed.  (Trial Tr., 17).  When counsel asked if a brief stay outside of Ohio requires a change of address, Deputy Harris did not know.  (Trial Tr., 17).  He offered that Appellant could not travel the country unaccountably.  (Trial Tr., 17).

**{¶9}**  Defense counsel motioned for a Criminal Rule 29 acquittal on the basis that the State failed to meet its prima facie case for the charge.  (Trial Tr., 19).  The court overruled the motion.  (Trial Tr., 20).

**{¶10}**  Appellant testified to his registered address.  (Trial Tr., 21).  He explained the underlying basis for having to register.  (Trial Tr., 21).  He stated that he was in North Carolina when Deputy Harris called him and he knew he had to notify Deputy Harris if he was going to be gone for more than 3 days.  (Trial Tr., 24).  He explained he did not expect to stay in North Carolina more than 3 days, but his girlfriend unexpectedly required hospitalization while they were there.  (Trial Tr., 24-25).  They then stayed for 5 days and he presented to Deputy Harris on day 6.  (Trial Tr., 24-25).

**{¶11}** The trial court found Appellant guilty of failing to provide notice of a change of address in violation of R.C. 2950.05 and sentenced him to 12 months in prison. (Sent. Entry). The Presentence Investigation Report recommended community control.

**{¶12}** Appellant filed his notice of appeal, asserting the following sole assignment of error:

**The State of Ohio failed to produce sufficient evidence to prove, beyond a reasonable doubt, that Appellant failed to provide notice of address change.**

**{¶13}** Appellant quotes R.C. 2950.05(F)(1), which requires a sex offender to notify the sheriff of a change of address and the time requirements for doing so. He notes that R.C. 2950.05(F)(1) also states that if a residence address change is not to a fixed residence address, the offender must provide a notice that includes a detailed description of the place where he intends to stay for the next 30 days and each 30 days thereafter until he secures a fixed residence address.

**{¶14}** Appellant quotes R.C. 2950.01(AA), which defines a fixed residence address as a permanent residence and specifically excludes a temporary address. He submits that the statute means to include longer-lasting moves to a new residence and not short, temporary trips with the intent to return to the registered address.

**{¶15}** Appellee confesses judgment, agreeing that sufficient evidence does not support Appellant's conviction because he complied with the registration requirements. The State agreed that the evidence at trial established Appellant left Ohio and returned 6 days later. The State concedes that a violation of law would have occurred had Appellant been absent from Ohio for 7 days or more.

**{¶16}** Appellant's assignment of error has merit. Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the verdict. *State v. Smith*, 80 Ohio St.3d 89, 113 (1997). Sufficiency is a test of adequacy. *State v. Thompkins*, 1997-Ohio-52. Whether the evidence is legally sufficient to sustain a verdict is a question of law. *Id.* In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements proven beyond a reasonable doubt. *Smith*

at 113.  When evaluating the sufficiency of the evidence to prove the elements, it must be remembered that circumstantial evidence has the same probative value as direct evidence.  *State v. Thorn*, 2018-Ohio-1028, ¶ 34 (7th Dist.), citing *State v. Jenks,* 61 Ohio St.3d 259, 272-273 (1991) (superseded by state constitutional amendment on other grounds).

{¶17} R.C. 2950.05(F)(2) is entitled "Notice of change of address of residence, school, or place of employment; affirmative defense," and is under Chapter 2950, entitled Sex Offenders.  It provides in relevant part that, "(2) No person who is required to register a new residence . . . with a sheriff . . . pursuant to divisions (B) and (C) of this section shall fail to register with the appropriate sheriff . . . in accordance with those divisions." R.C. 2950.05(A) provides in relevant part that, "[i]f a residence address change is not to a fixed residence address, the offender . . . shall include in that notice a detailed description of the place or places at which the offender . . . intends to stay for the next thirty days."  R.C. 2950.01(AA) defines "fixed residence address" and provides that it "means a permanent residential address" and "does not include a temporary address."

{¶18} The evidence presented at trial did not establish that Appellant's trip to North Carolina involved a fixed residence address or that it was anything more than a temporary stay.  Accordingly, no evidence established that he violated R.C. 2950.05(F).

{¶19} Further, 28 C.F.R. 72.6 provides registration requirements under the Sex Offender Registration and Notification Act (SORNA) in conjunction with the Adam Walsh Protection and Safety Act.  28 C.F.R. 72.6(c)(2) states that sex offenders must provide "[i]nformation about any place in which the sex offender is staying when away from his residence for seven or more days including the identity of the place and the period of time the sex offender is staying there."  The evidence at trial also failed to establish that Appellant stayed away from his residence for seven or more days.

{¶20} Accordingly, Appellant's sole assignment of error has merit and we reverse and vacate the trial court's conviction and sentence.

Waite, J., concurs.

Dickey, J., concurs.

Case No. 25 MA 0027

---

For the reasons stated in the Opinion rendered herein, the assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is reversed and vacated. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**