**The STATE of Ohio, Appellant,**

v.

**QUINONES, Appellee.**

[Cite as *State v. Quinones,* 168 Ohio App.3d 425, 2006-Ohio-4096.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 86959.

Decided Aug. 10, 2006.

William D. Mason, Cuyahoga County Prosecuting Attorney, Oscar E. Rodriguez, and Allan T. Regas, Assistant Prosecuting Attorneys, for appellant.

Edward R. LaRue, for appellee.

---

JAMES J. SWEENEY, Judge.

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from the trial court's dismissal of the indictment against defendant-appellee, Alex Quinones, for violation of the time provisions contained in R.C. 2963.30, Article III(a), Ohio's codification of the Interstate Agreement on Detainers ("I.A.D."). For the reasons that follow, we affirm.

{¶ 2} The subject indictment charged defendant with four counts of drug trafficking, three counts of possessing drugs, and one count of possessing criminal tools. Many of the charges included juvenile and firearm specifications.

{¶ 3} When defendant failed to appear for the scheduled trial on February 12, 2004, the court issued a capias. It was later discovered that defendant had been arrested and incarcerated for selling marijuana in Arizona, while awaiting trial on his Ohio charges.

{¶ 4} The docket reflects that the trial court issued an order on July 16, 2004 to have defendant returned from Arizona State Prison "A.S.A.P." The next substantive entry reflects defendant's pro se motion for speedy trial filed on August 30, 2004. On January 14, 2005, defendant's request for disposition pursuant to the I.A.D. was filed on the docket. The docket indicates that a "detainer" was sent

"to Diamondback Correctional Facility in OK." on or about April 13, 2005. Defendant was returned to Ohio custody on May 25, 2005.

{¶ 5} Several pretrials were held and continued at defendant's request, beginning on June 8, 2005. On July 11, 2005, defendant filed a motion to dismiss, which the trial court granted after a hearing on August 10, 2005.

{¶ 6} The state raises three assignments of error that all concern the I.A.D. and, therefore, will be discussed together for ease of analysis.

{¶ 7} "I. The trial court erred in finding that the filing of court's transport order acted as triggering mechanism to initiate the speedy trial provisions of the Interstate Detainers Act.

{¶ 8} "II. The trial court erred in finding that the defendant substantially complied with the Interstate Act on Detainers.

{¶ 9} "III. The trial court erred in finding that the defendant was not brought to trial within one hundred eighty days pursuant to the Interstate Act on Detainers."

{¶ 10} The applicable standard of review requires us to " 'independently determine, as a matter of law, whether the trial court erred in applying the substantive law to the facts of the case.' " *State v. Gill*, Cuyahoga App. No. 82742, 2004-Ohio-1245, 2004 WL 528449, quoting *State v. Williams* (1994), 94 Ohio App.3d 538, 641 N.E.2d 239.

{¶ 11} Ohio codified the I.A.D. in R.C. 2963.30. A prerequisite to the application of the I.A.D. is the existence of a detainer. R.C. 2963.30; *State v. Denkins*, Hamilton App. No. C–030518, 2004-Ohio-1696, 2004 WL 690408.

{¶ 12} If the defendant initiates the request for return, the provisions of R.C. 2963.30, Article III apply. If, however, the state requests the prisoner's return for trial, the provisions of R.C. 2963.30, Article IV apply. Defendant argues that the provisions of Article III, where defendant initiates the request for return, should apply in this case.

{¶ 13} The record indicates that defense counsel verbally notified the court of defendant's whereabouts in July 2004, thereby causing the issuance of a transport order.[1] The trial court's transport order did not trigger the application of the speedy-trial time set forth in R.C. 2963.30, Article III(a). Rather, it enabled defendant to avail himself of the provisions of Article III(a), since he could not do so in the absence of a "detainer."

{¶ 14} R.C. 2963.30, Article III(a) requires:

---

1. Had the prosecuting officer initiated the detainer with court approval, the provisions of Article IV would apply.

{¶ 15} "Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint *on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice* of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. *The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.*" (Emphasis added).

{¶ 16} Article III(b) further requires the prisoner to provide written notice and request for final disposition to the warden, commissioner of corrections, or other official having custody of him.

{¶ 17} "[T]he one-hundred-eighty-day time period set forth in R.C. 2963.30 * * * begins to run when a prisoner substantially complies with the requirements of the statute set forth in Article III(a) and (b) thereof." *State v. Mourey* (1992), 64 Ohio St.3d 482, 485, 597 N.E.2d 101. In *Mourey*, the Ohio Supreme Court determined that the defendant prisoner substantially complied with the Act when he filed his I.A.D. form with the facility where he was being held. "Substantial compliance" requires the defendant to do "everything that could be reasonably expected." *State v. Ferguson* (1987), 41 Ohio App.3d 306, 311, 535 N.E.2d 708.

{¶ 18} "The key to determining when the 180–day period begins * * * is delivery upon the receiving state and its court * * * what is important is there be documentary evidence of the date of delivery to the officials of the receiving state." *State v. Pierce* (Feb. 15, 2002), Cuyahoga App. No. 79376, 2002 WL 337727, interpreting *Fex v. Michigan* (1993), 507 U.S. 43, 113 S.Ct. 1085, 122 L.Ed.2d 406.

{¶ 19} In support of his argument to dismiss the indictment, defendant pointed to the following as substantial compliance with R.C. 2963.30, Article III: (1) an "inmate letter" dated June 26, 2004, directed to the Records Department requesting a "wants and warrant check" to "take care of" his "detainer from

Ohio," (2) an "inmate letter response" dated August 18, 2004, that informed defendant of his detainer for this case and assurance that his request would be forwarded to the "detainer desk," and (3) defendant's pro se motion for speedy trial dated August 30, 2004, of which the prosecutor admits to receiving a copy.

{¶ 20} After careful consideration of these facts to the law, the foregoing constitutes substantial compliance with the requirements of R.C. 2963.30, Article III(a) and (b).

{¶ 21} Defendant's inmate letter to officials having custody over him together with the response indicating that they would process his request for disposition of the detainer satisfies defendant's obligations under Article III(b). As reflected in the Chavez correspondence, the correctional facility assured defendant that it would forward his request for disposition to the "detainer desk." Thus, the failure of the correctional facility to further act by providing the certificate in compliance with Article III(a) and (b) was not the fault of defendant.

{¶ 22} "[T]he one-hundred-eighty-day period only begins to run as of the time that the receiving state's prosecuting attorney receives the prisoner's notice and request for final disposition, together with the sending state's, i.e., [Arizona's], certificate, as described in Article III(a)." *State v. Black* (1990), 70 Ohio App.3d 440, 444–445, 591 N.E.2d 368; see, also, *State v. Reitz* (1984), 26 Ohio App.3d 1, 26 OBR 168, 498 N.E.2d 163.

{¶ 23} The state, at oral argument, admitted receiving defendant's pro se motion to dismiss. That motion clearly cited the provisions of the I.A.D., stated defendant's location of imprisonment, and requested disposition of the pending charges in Ohio. Although the state challenges this as insubstantial compliance due to the absence of the certificate, that was not the fault of the defendant. Specifically, defendant had, prior to filing his pro se motion, given written notice of his request for disposition to prison officials having custody over him. Accordingly, we find that defendant substantially complied with the provisions of the I.A.D. on or about August 30, 2004, when the state received his pro se motion.

{¶ 24} Accordingly, the state had 180 days to bring defendant to trial from August 30, 2004. Defendant was not returned to Ohio until May 25, 2005, well over the 180–day time limit.

{¶ 25} The state's assignments of error are overruled.

Judgment affirmed.

CELEBREZZE, P.J., and CALABRESE, J., concur.