[Cite as *State ex rel. Jerdine v. Cuyahoga Cty. Prosecutor's Office*, 2011-Ohio-3696.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   96363 and 96577

---

## STATE OF OHIO, EX REL.,
## ANTHONY JERDINE

### RELATOR

### vs.

## CUYAHOGA COUNTY PROSECUTOR'S OFFICE
## and CUYAHOGA COUNTY COMMON PLEAS
## COURT

### RESPONDENTS

---

## JUDGMENT:
## WRIT DENIED

---

Writ of Mandamus
Motion Nos. 442302 and 444517
Order No.   446245

**RELEASED DATE:** July 22, 2011

**ATTORNEY FOR RELATOR**

Anthony Jerdine, pro se
NEOCC #64257-004
2240 Hubbard Road
Youngstown, Ohio    44505

**ATTORNEYS FOR RESPONDENTS**

William D. Mason
Cuyahoga County Prosecutor

BY: James E. Moss
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1} On March 16, 2011, the relator, Anthony Jerdine, commenced a mandamus action, Cuyahoga County Court of Appeals Case No. 96363, against the respondents, the Cuyahoga County Prosecutor and the Cuyahoga County Court of Common Pleas, to compel them to dismiss three Cuyahoga County Court of Common Pleas criminal cases, *State v. Anthony Jerdine,* Case Nos. CR-502844, CR-516921, and CR-541263 with prejudice.   The charges in these cases, which include forgery, attempted theft, and tampering with records, all

arise from the same incident. Jerdine argues that the respondents lack jurisdiction to try him on these charges because they violated the Interstate Agreement of Detainers Act, R.C. 2963.30. On March 25, 2011, Jerdine commenced a second mandamus action, Cuyahoga County Court of Appeals Case No. 96577, against the same respondents for the same relief. These complaints are essentially identical.[1] Accordingly, this court consolidated the two cases.

{¶ 2} The parties agree that Case Nos. CR-502844 and CR-516921 have been dismissed without prejudice and are no longer pending. On May 13, 2011, the respondents filed a motion for summary judgment on the grounds of mootness. Attached to this dispositive motion is a certified copy of a May 4, 2011 journal entry in Case No. CR-541263 in which the trial court granted the state of Ohio's motion to dismiss with prejudice. Jerdine never responded to this motion for summary judgment. This journal entry establishes that these mandamus actions are moot. There is no case pending against Jerdine, and the subject charges have been dismissed with prejudice.

{¶ 3} Relator also did not comply with R.C. 2969.25(C) which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the mandamus,

---

[1] A review of the two complaints show that they are identical except that the second complaint deletes the last sentence of paragraph two of the first complaint and that the second complaint adds a citation to *State v. Quinones*, 168 Ohio App.3d 425, 2006-Ohio-4096, 860 N.E.2d 793, at the end of paragraph nine.

deny indigency status, and assess costs against the relator.  *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842 and *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 176, 2000-Ohio-285, 724 N.E.2d 420.

{¶ 4}  To the extent that Jerdine also seeks a claim in mandamus to return personal property taken from him in the first case, he has or had an adequate remedy at law pursuant to R.C. Chapter 2981 (formerly R.C. 2933.43) or a writ of replevin.[2]

{¶ 5}  Accordingly, this court grants the repondents motion for summary judgment and denies the applications for a writ of mandamus.  Relator to pay costs.  The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).


KATHLEEN ANN KEOUGH, JUDGE

JAMES J. SWEENEY, P.J., and
KENNETH A. ROCCO, J., CONCUR

---

[2] The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. *State ex rel. Ney v. Niehaus* (1987), 33 Ohio St.3d 118, 515 N.E.2d 914.