[Cite as *State v. Harvey*, 2013-Ohio-2332.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 98906, 98907, 98908, and 98909**

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DEREK HARVEY

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-534780, CR-533891, CR-532898, and CR-534114

**BEFORE:**    McCormack, J., Celebrezze, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**  June 6, 2013

**ATTORNEY FOR APPELLANT**

Christopher R. Fortunato
13363 Madison Avenue
Lakewood, OH 44107


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: John Patrick Colan
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH 44113

TIM McCORMACK, J.:

{¶1}   In this consolidated appeal, defendant-appellant, Derek Harvey ("Harvey"), appeals the trial court's denial of his motion to dismiss the charges against him.   We find no merit to the appeal and affirm.

**Substantive Facts and Procedural History**

{¶2}   This matter is a consolidated appeal of the following: (1) Cuyahoga C.P. No. CR-532898, indicted by information on January 19, 2010, charging Harvey with unauthorized use of a vehicle in violation of R.C. 2913.03(B) (Appeal No. 98908); (2) Cuyahoga C.P. No. CR-534780, indicted on or about March 2, 2010, on two counts of forgery in violation of R.C. 2913.31(A)(2), two counts of forgery in violation of R.C. 2913.31(A)(3), and one count of misdemeanor theft in violation of R.C. 2913.02(A)(3) (Appeal No. 98906); (3) Cuyahoga C.P. No. CR-533891, indicted on or about March 3, 2010, on two counts of forgery in violation of R.C. 2913.31(A)(2), two counts of forgery in violation of R.C. 2913.31(A)(3), and one count of theft in violation of R.C. 2913.02(A)(3) (Appeal No. 98907); and (4) Cuyahoga C.P. No. CR-534114, indicted on March 8, 2010, on one count of forgery in violation of R.C. 2913.31(A)(2), one count of forgery in violation of R.C. 2913.31(A)(3), and one count of theft in violation of R.C. 2913.02(A)(3) (Appeal No. 98909).

**{¶3}** Harvey failed to appear at his arraignments on the above matters due to his incarceration at the Ryan Correctional Facility in Michigan. Warrants for his arrest were issued.

**{¶4}** On or about November 9, 2011, while incarcerated in Michigan, Harvey filed a request for disposition of pending charges and notice of availability. This document was entered in the trial court's docket as a motion for writ of habeas corpus, and it consisted of four pages: two pages of the writ, one request for disposition, and one notice of availability. There is no page indicating service of this document upon the prosecutor, including a certificate of service or a return receipt, and the prosecutor denies ever being served a copy of Harvey's request. The trial court, however, acknowledges receipt of Harvey's request.

**{¶5}** On April 2, 2012, Harvey filed a pro se motion to dismiss the charges against him based upon the interstate agreement on detainers. Harvey was arraigned on May 18, 2012. He was declared indigent, and counsel was appointed. Following discovery, Harvey filed a second motion to dismiss the charges with the assistance of counsel. The state opposed Harvey's motion, claiming that Harvey failed to serve the proper documentation required by statute. On June 26, the trial court denied Harvey's motion, stating:

> The defendant's Motion to Dismiss, filed 6/04/2012, is denied. The defendant arguably served his notice of availability on the judicial branch but there is no evidence that the notice was served on the executive branch, i.e. the prosecuting attorney, in compliance, substantial or otherwise, with R.C. 2941.401.

**{¶6}** Thereafter, on August 1, 2012, Harvey withdrew a former plea of not guilty and pleaded no contest to all of the charges in all four cases. He was found guilty and sentenced on August 22, 2012.

## Assignments of Error

I. The trial court erred when it overruled the appellant's various motions to dismiss holding the appellant did not serve the motion on the appellee without holding a hearing in which to make findings.

II. The trial court erred when it failed to grant the defendant's motion to dismiss since the appellant had made himself available for transport to Ohio.

## Law and Analysis

**{¶7}** Harvey alleges that the trial court erred in denying his motion to dismiss the charges against him. Essentially, Harvey claims that the state's failure to bring him to trial within 180 days of receiving his request for disposition violated the interstate agreement on detainers. Harvey also claims that the court erred in not holding a hearing on his motion to dismiss. We address the two assignments of error together.

**{¶8}** In reviewing the denial of Harvey's motion to dismiss, we are required to determine whether, as a matter of law, "'the trial court erred in applying the substantive law to the facts of the case.'" *State v. Gill*, 8th Dist. No. 82742, 2004-Ohio-1245, ¶ 8, quoting *State v. Williams*, 94 Ohio App.3d 538, 641 N.E.2d 239 (8th Dist.1994).

**{¶9}** The interstate agreement on detainers, codified in R.C. 2963.30, governs the procedures by which a criminal defendant incarcerated in another jurisdiction must be

brought to trial on outstanding charges in a party state. Its purpose is to "encourage the expeditious and orderly disposition of [outstanding] charges" across all member states. R.C. 2963.30, Article I.

{¶10} The agreement provides that a prisoner in another state must be brought to trial within 180 days "after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint * * *." R.C. 2963.30, Article III(a). The prisoner's request must be accompanied by a certificate

> of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner. *Id.*

Article III(b) of the statute further requires the prisoner send the written notice requesting final disposition "to the warden, commissioner of corrections, or other official having custody of him."

{¶11} Essentially, Article III of this act defines the procedure when a defendant detainee initiates the process for trial and sets the speedy trial time at 180 days. *Id.*; *State v. Levy*, 8th Dist. No. 83114, 2004-Ohio-4489, ¶ 10. This 180-day time period begins to run when a prisoner substantially complies with the requirements of the statute as outlined above. *State v. Quinones*, 168 Ohio App.3d 425, 2006-Ohio-4096, 860 N.E.2d 793, ¶ 17 (8th Dist.), citing *State v. Mourey*, 64 Ohio St.3d 482, 486, 597 N.E.2d 101 (1992)

(rejecting the strict compliance rule, finding substantial compliance to be more supportive of the stated purpose of the statute). "'Substantial compliance' requires the defendant to do 'everything that could be reasonably expected.'" *Quinones* at ¶ 17, quoting *State v. Ferguson*, 41 Ohio App.3d 306, 311, 535 N.E.2d 708 (10th Dist.1987).

{¶12} In this case, Harvey contends that his request for final disposition of the charges contained in the consolidated cases substantially complied with R.C. 2963.30. Our review of the record, however, indicates it did not.

{¶13} The issue in this case is whether Harvey "caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction" written notice of the place of his imprisonment and his request for disposition. "The key to determining when the 180-day period begins * * * is delivery upon the receiving state and its court." *State v. Pierce*, 8th Dist. No. 79376, 2002-Ohio-652, ¶ 9 (interpreting *Fex v. Michigan*, 507 U.S. 43, 113 S.Ct. 1085, 122 L.Ed.2d 406 (1993)). What is important "is there be documentary evidence of the date of delivery to the officials of the receiving state." *Id.* This court has previously determined that in order to comply with the "substantial compliance" standard set forth in *Mourey*, a detainee must file his request for final disposition by certified mail with the prosecutor and the court. *Levy* at ¶ 33. Filing only with the court is insufficient. *Id.*

{¶14} In this matter, there is no evidence in the record to suggest that Harvey successfully filed his request for final disposition or notice of availability with the prosecutor. Harvey's request for disposition that is contained in the court file, rather,

consists of a writ of habeas corpus, request for disposition, and notice of availability. There is no evidence of service upon the prosecutor, such as a certificate of service or return receipt attached to this document or otherwise filed in the record. Furthermore, the state denies receiving such request from Harvey. The fact that Harvey filed a request for disposition with the court alone does not compel a finding of substantial compliance where Harvey failed to send the request to the prosecutor's office as well. Harvey did not do all that the law required of him, or what was reasonably expected. We, therefore, hold that the trial court did not err in denying Harvey's motion to dismiss.

{¶15} We note that the trial court incorrectly referenced R.C. 2941.401 in its journal entry denying Harvey's motion to dismiss. R.C. 2941.401 states that "when a person has entered upon a term of imprisonment in a correctional institution of this state * * * he shall be brought to trial within 180 days * * *." This statute, therefore, applies when the prisoner is in custody in an Ohio facility and seeks to have untried charges resolved in Ohio. *Levy*, 8th Dist. No. 83114, 2004-Ohio-4489, ¶ 13.

{¶16} Harvey, however, was in custody in a Michigan facility while requesting final disposition of charges against him in Ohio. As such, R.C. 2941.401 does not apply. Nonetheless, the law regarding substantial compliance with R.C. 2941.401 applies equally to R.C. 2963.30, where a criminal defendant is in custody in a facility of a different state. *See Gill*, 8th Dist. No. 82742, 2004-Ohio-1245 (holding that substantial compliance is the proper standard under R.C. 2941.401 "in those instances where documents actually reach a location, regardless if mailed by the inmate or institution * *

*.”); *see also Quinones*, 168 Ohio App.3d 425, 2006-Ohio-4096, 860 N.E.2d 793 (8th Dist.) (holding that substantial compliance is the proper standard under R.C. 2963.30, the interstate agreement on detainers that applies to defendants in out-of-state prisons).  The trial court's analysis under R.C. 2941.401, therefore, does not change the outcome of this case.

{¶17} Finally, Harvey contends that the trial court erred in not holding a hearing on his motion to dismiss, stating "there is nothing stated in the record that demonstrates the trial court made the proper findings that R.C. 2963.30 was complied [with]."  We find Harvey's argument without merit.

{¶18} Crim.R. 12(F), which governs pretrial motions, provides that a court may adjudicate a motion "based upon briefs, affidavits, the proffer of testimony and exhibits, a hearing, or other appropriate means."  The rule does not require the court to hold an evidentiary hearing.  *State v. Perry*, 4th Dist. No. 05CA2839, 2006-Ohio-220, ¶ 22.  Moreover, Harvey's motion to dismiss contained nothing to suggest that an evidentiary hearing would aid the court in ruling upon the motion.  The trial court could review the entire record and decide the merits of the case based upon Harvey's motion, the exhibits attached thereto, and the filings in the case. Thus, the trial court did not err in not holding a hearing on Harvey's motion to dismiss.

{¶19} Accordingly, Harvey's first and second assignments of error are overruled.

{¶20} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
PATRICIA ANN BLACKMON, J., CONCUR