[Cite as *State v. Williams*, 2020-Ohio-378.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                No. 107748

v.                                      :

MICHAEL SUELLS WILLIAMS,                :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** February 3, 2020

---

Cuyahoga County Court of Common Pleas
Case No. CR-17-614402-A
Application for Reopening
Motion No. 531792

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha Forchione, Assistant Prosecuting Attorney, *for appellee.*

Michael Suells Williams, *pro se.*

PATRICIA ANN BLACKMON, P.J.:

{¶ 1} Michael Suells Williams ("Suells") has timely filed an App.R. 26(B) application for reopening. Suells is attempting to reopen the appellate judgment that was rendered in *State v. Suells Williams*, 8th Dist. Cuyahoga No. 107748, 2019-

Ohio-2335, that affirmed his conviction for the offenses of rape (R.C. 2907.02(A)(2)), kidnapping (R.C. 2905.01(A)(4)), having weapons while under disability (R.C. 2923.13(A)(3)), and aggravated burglary (R.C. 2911.11(A)(1)). For the following reasons, we deny Suells's App.R. 26(B) application for reopening.

## I.    Standard of Review Applicable to App.R. 26(B) Application for Reopening

{¶ 2} In order to establish a claim of ineffective assistance of appellate counsel, Suells is required to establish that the performance of his appellate counsel was deficient and the deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 767 (1990).

{¶ 3} In *Strickland*, the United States Supreme Court held that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is all too tempting for a defendant to second-guess his attorney after conviction and that it would be too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Thus, a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*.

**{¶ 4}** Moreover, even if Suells establishes that an error by his appellate counsel was professionally unreasonable, Suells must further establish that he was prejudiced; but for the unreasonable error there exists a reasonable probability that the results of his appeal would have been different. Reasonable probability, with regard to an application for reopening, is defined as a probability sufficient to undermine confidence in the outcome of the appeal. *State v. May*, 8th Dist. Cuyahoga No. 97354, 2012-Ohio-5504.

## II. First Proposed Assignment of Error

**{¶ 5}** Suells's first proposed assignment of error is that:

> Defendant's speedy trial rights were violated after defendant filed an interstate agreement on detainers and a notice of availability request with prosecutors and prosecutor's office refusal to prosecute the case for over 17 months and did not proceed to trial until over 22 months had passed.

**{¶ 6}** Suells, through his first proposed assignment of error, argues that appellate counsel failed on appeal to raise the claim of a lack of speedy trial. Specifically, Suells argues that he was not brought to trial within 180 days of his notice of availability for trial after filing a request for disposition made pursuant to the interstate agreement on detainers, codified in R.C. 2963.30. Suells also argues that he was not brought to trial within 270 days of indictment as required by R.C. 2945.71. Suells has failed to demonstrate that his right to a speedy trial was violated under R.C. 2963.30 or 2945.71.

## A.  Interstate Agreement On Detainers — Codified In R.C. 2963.30

{¶ 7}   Pursuant to R.C. 2963.30, a federal prisoner must be brought to trial within 180 days following delivery of written notice to the appropriate trial court and prosecutor's office accompanied by "a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, and the time of parole eligibility of the prisoner."  R.C. 2963.30, Art. III(a), and Art. III(b) require the prisoner to send written notice requesting final disposition to the warden, commissioner of corrections, or other official having custody of him.[1]  This official is then required to send written notice to the appropriate locations along with a report listing the information required by R.C. 2963.30, Art. III(a).

{¶ 8}   Substantial compliance with R.C. 2963.30, Art. II(A) is the trigger that determines whether a prisoner has properly availed himself of the required disposition of pending charges within 180 days.  *State v. Mourey*, 64 Ohio St.3d 482, 597 N.E.2d 101 (1992); *State v. Quinones*, 168 Ohio App.3d 425, 2006-Ohio-4096, 860 N.E.2d 793 (8th Dist.).  Substantial compliance requires the prisoner to do everything that could be reasonably expected.  *State v. Ferguson*, 41 Ohio App.3d 306, 535 N.E.2d 708 (10th Dist. 1987).  Substantial compliance requires evidence of

---

[1] R.C. 2963.30, Art. III(a) refers to an inmate filing his request for final disposition with the prosecutor and the court. R.C. 2963.30, Art. III(b) refers to filing with the warden who forwards the documents to the prosecutor.

the date of delivery of the request to the court and the prosecutor. *State v. Pierce*, 8th Dist. Cuyahoga No. 79376, 2002-Ohio-652. This court has also determined that in order to comply with the substantial compliance requirement set forth in *Mourey*, *supra*, a prisoner must file his request for final disposition by certified mail with the court and the prosecutor. *State v. Levy*, 8th Dist. Cuyahoga No. 83114, 2004-Ohio-4489. Our review of the record fails to disclose that Suells substantially complied with R.C. 2963.30.

{¶ 9} Herein, there is no evidence in the trial court record to demonstrate that Suells successfully filed his request for final disposition or notice of availability with the prosecutor. The request for disposition and notice of availability were filed with the Cuyahoga County Court of Common Pleas as indicated by the file stamp of February 22, 2017. There exists no evidence of service upon the prosecutor through either a certificate of service or a return receipt of service upon the prosecutor. Substantial compliance with R.C. 2963.30, Art. III(a) was not accomplished by the filing of the request for disposition and the notice of availability solely upon the Cuyahoga County Court of Common Pleas. We therefore hold that appellate counsel was not required to raise the issue of speedy trial based upon the application of R.C. 2963.30, Art. III(a).

## B. Speedy Trial Within 270 Days of Indictment — R.C. 2945.71

{¶ 10} Further review of the record clearly indicates that Suells's right to a speedy trial was not violated with regard to his indictment and trial in CR-17-614402. The Sixth Amendment to the United States Constitution and Ohio

Constitution, Article I, Section 10 guarantee a criminal defendant the right to a speedy trial. This guarantee is implemented in R.C. 2945.71, which provides the specific time limits within which a person must be brought to trial. The trial time tolling provisions are set forth in R.C. 2945.72. R.C. 2945.71 provides that a person against whom a felony charge is pending shall be brought to trial within two hundred seventy days after arrest. R.C. 2945.71(C)(2).

{¶ 11} If an accused is in jail in lieu of bail solely on the pending charge, the statute mandates that each day count as three days for purposes of speedy trial calculation. R.C. 2945.71(E). If an accused is not brought to trial within the statutory time limit, the accused must be discharged. R.C. 2945.73(B). However, the R.C. 2945.71 time limits can be extended for any reason set out in R.C. 2945.72, but those extensions must be strictly construed against the state. *State v. Sanders*, 8th Dist. Cuyahoga No. 107253, 2019-Ohio-1524.

{¶ 12} On April 3, 2018, Suells was indicted by the Cuyahoga County Grand Jury based upon criminal conduct that occurred on two separate dates against the same victim: October 21, 2016, and October 28, 2016. Trial commenced on August 15, 2018. Thus, a period of 134 days lapsed between indictment and commencement of trial for Suells. Because Suells was incarcerated without making bail, the triple count provision of R.C. 2945.71(E) applied. However, 66 days were tolled as a result of two motions for bill of particulars and/or discovery and six continuances of pretrial and/or trial. Since 66 days of the 134 days before trial commenced were tolled, only 68 days were chargeable to the speedy trial

calculation. Suells was brought to trial within 204 (68 x 3 = 204) days of indictment and his right to a speedy trial was not violated. *State v. Shepard*, 8th Dist. Cuyahoga No. 97962, 2012-Ohio-5415. We therefore hold that appellate counsel was not required to raise the issue of speedy trial based upon the application of R.C. 2945.71.

### III. Second Proposed Assignment of Error

{¶ 13} Suells's second proposed assignment of error is that:

Defendant's conviction must be reversed due to trial court denying defendant his right to have a lawyer at all crucial stages of the proceedings were in fact violated when trial court held a hearing without the defendant present who was proceeding pro se. The hearing was very crucial and the turning point for the case and very crucial defendant should have been represented.

{¶ 14} Suells, through his second proposed assignment of error, argues that he was not present when the trial court held a hearing to determine whether to grant the state a continuance during the victim's testimony. A review of the transcript demonstrates that Suells was present when the trial court determined whether to grant or deny the request of the state for a continuance of the victim's testimony. *See* tr. 149 – 152. The record fails to demonstrate that Suells was excluded from any hearing held by the trial court.

{¶ 15} In addition, the issue of a continuance during the testimony of the victim was raised and addressed by this court through the third assignment of error as raised by Suells on appeal. This court held that:

In his third assigned error, Suells argues that it was error for the court to grant a "recess" to the state during the victim's testimony and that this "recess" effectively turned into a continuance. According to Suells, the victim's testimony initially "decimated the State's case," because the

victim claimed that she did not remember anything. However, after the "recess," the victim's "testimony was suddenly markedly different than it was before."

* * *

Upon review of the case at hand, we find that the continuances at issue were reasonable in length; outside of wanting his trial to go forward, Suells failed to set forth how the continuances may have inconvenienced him; and the purpose of the continuances was legitimate — one day to allow C.H. time to compose herself prior to continuing her testimony; one day to investigate alleged threats made to C.H. and her family; and one week for the state to complete discovery. Furthermore, Suells asked for and received a one-week continuance shortly after the state's continuances at issue. We cannot say that the court abused its discretion in granting the state's continuances, and Suells's third assigned error is overruled.

*Suells* at ¶ 51.

{¶ 16} Because the issue of a continuance during the testimony of the victim has already been addressed by this court on direct appeal, and found to be without merit, the doctrine of res judicata prevents further review of the issue through Suells's application for reopening. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Claims of ineffective assistance of appellate counsel in an application for reopening may be barred from further review by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992); *State v. Logan*, 8th Dist. Cuyahoga No. 88472, 2008-Ohio-1934.

{¶ 17} Res judicata prevents this court from once again determining whether Suells was prejudiced through the continuance granted during the victim's testimony. *State v. Tate*, 8th Dist. Cuyahoga No. 81682, 2004-Ohio-973. We

further find that circumstances do not render the application of the doctrine of res judicata unjust. Suells has failed to establish any prejudice through his second proposed assignment of error.

{¶ 18} Accordingly, the application for reopening is denied.


_____
PATRICIA ANN BLACKMON, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR