[Cite as *Cleveland v. Smerglia*, 2020-Ohio-3181.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 108745 |
| v. | : | |
| NICHOLAS SMERGLIA, | : | |
| Defendant-Appellant. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 4, 2020

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2018-CRB-017653

---

### *Appearances:*

Barbara A. Langhenry, Cleveland Director of Law, and Nicholas Kolar, Assistant Director of Law, and Karrie Howard, Chief Prosecutor, *for appellee.*

Mike Heller Law Firm, and Michael A. Heller, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} Plaintiff-appellant Nicholas Smerglia ("Smerglia") appeals his conviction for negligent assault. We affirm the trial court's judgment.

## I. Facts and Background

{¶ 2} On September 9, 2018, Smerglia was at the Jack Casino in Cleveland when he allegedly touched the buttocks of female patron J.M. Smerglia defended that his arm accidentally brushed against the area in passing. The incident was recorded on surveillance video. Smerglia was apprehended by sheriff deputies, questioned and subsequently barred from the Casino.

{¶ 3} On October 2, 2018, Smerglia was charged with sexual imposition under R.C. 2907.06. Defense counsel withdrew and the case was continued to allow Smerglia to obtain new counsel who appeared on January 11, 2019. On February 12, 2019, the trial court denied Smerglia's pretrial motion to dismiss for speedy trial. Smerglia was convicted on February 12, 2019, and subsequently registered as a Tier One sex offender.

{¶ 4} Smerglia's motion to vacate the verdict and for a new trial was granted on March 11, 2019. The case was reassigned and after several pretrials, on May 30, 2019, Smerglia pleaded guilty to the amended charge of negligent assault under R.C. 2903.14.

{¶ 5} The instant appeal ensued.

## II. Assignments of Error

{¶ 6} Smerglia assigns four errors on appeal:

I. The trial court erred in denying defendant's motion to dismiss for a speedy trial violation.

II. The trial court erred and abused its discretion in sentencing defendant as though he was convicted of the underlying (charged) offense, not the charge that he actually pleaded to, resulting in a

sentence that is arbitrary, unlawful, unreasonable and/or unconscionable.

III. The court erred and abused its discretion in preventing defense counsel from a full opportunity to assert arguments and/or objections on defendant's behalf and in failing to hear or consider mitigating circumstances in denial of defendant's Sixth Amendment rights.

IV. The trial court failed to properly consider applicable statutory misdemeanor sentencing statutes (including but not limited to R.C. 2929.21 and 2929.22) and procedures (including but not limited to, Crim.R. 32) and/or was otherwise unlawful (including but not limited to, violation of defendant's due process rights and right to counsel).

## III. Discussion

### A. Speedy Trial Violation

#### 1. Standard of Review

{¶ 7} Under Ohio's speedy trial statutes, a trial court shall discharge a defendant if the trial court and prosecution fail to bring the defendant to trial within the time required by R.C. 2945.71 and 2945.72. *See* R.C. 2945.73(B). The Ohio Supreme Court has "imposed upon the prosecution and the trial courts the mandatory duty of complying with" the speedy trial statutes. *State v. Singer*, 50 Ohio St.2d 103, 105, 362 N.E.2d 1216 (1977). Thus, courts must strictly construe the speedy trial statutes against the state. *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706 (1996), citing *State v. Madden*, 10th Dist. Franklin No. 04AP-1228, 2005-Ohio-4281, ¶ 25.

{¶ 8} Once the statutory time limit has expired, the defendant has established a prima facie case for dismissal. *State v. Howard*, 79 Ohio App.3d 705, 707, 607 N.E.2d 1121 (8th Dist.1992). At that point, the burden shifts to the state to

demonstrate that sufficient time was tolled pursuant to R.C. 2945.72. *State v. Geraldo*, 13 Ohio App.3d 27, 28, 468 N.E.2d 328 (6th Dist.1983). *State v. Greene*, 8th Dist. Cuyahoga No. 91104, 2009-Ohio-850, ¶ 24.

> Our review of a challenge of a constitutional speedy trial violation often raises a mixed question of law and fact. *State v. Barnes*, 8th Dist. Cuyahoga No. 90847, 2008-Ohio-5472, ¶ 19. We apply a de novo review to the legal issues, but afford great deference to any factual findings made by the trial court. *Id.*

*State v. Cochern*, 8th Dist. Cuyahoga No. 104960, 2018-Ohio-265, ¶ 47.

{¶ 9} Thus, the proper methodology "in speedy trial cases is to simply count the number of days passed, while determining to which party the time is chargeable, as directed in R.C. 2945.71 and 2945.72." *In re F. S.*, 10th Dist. Franklin No. 11AP-244, 2011-Ohio-6135, ¶ 7, citing *State v. Gonzalez*, 10th Dist. Franklin No. 08AP-716, 2009- Ohio-3236, ¶ 9.

{¶ 10} We note that the only transcript submitted to this court is the sentencing transcript. We also note that a transcript of proceedings for the speedy trial motion has not been provided. Without the filing of a transcript, an appellate court presumes regularity in the proceedings and accepts the factual findings of the trial court as true. *Bailey v. Bailey*, 8th Dist. Cuyahoga No. 98173, 2012-Ohio-5073 ¶ 8, citing *Snider v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 11AP-965, 2012- Ohio-1665, ¶ 8. Our review is limited to the legal conclusions of the trial court. *Id.*

### 2. Discussion

{¶ 11} Sexual imposition is a third-degree misdemeanor.

(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

(1) The offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard.

* * *

(B) No person shall be convicted of a violation of this section solely upon the victim's testimony unsupported by other evidence.

(C) Whoever violates this section is guilty of sexual imposition, a misdemeanor of the third degree.

R.C. 2907.06.

{¶ 12} "'The Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial.'" *State v. Wilson*, 8th Dist. Cuyahoga No. 107926, 2019-Ohio-2741, ¶ 10, quoting *State v. Harvey*, 7th Dist. Mahoning No. 17 MA 0023, 2018-Ohio-2777.

{¶ 13} In Ohio, "'[t]his guarantee is implemented in R.C. 2945.71, which provides the specific time limits within which a person must be brought to trial.'" *Wilson*, quoting *Harvey*, citing *State v. Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, 887 N.E.2d 319, ¶ 10.

{¶ 14} R.C. 2945.71(B)(1), provides:

(B) Subject to division (D) of this section, a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows:

(1) Within forty-five days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the third or

fourth degree, or other misdemeanor for which the maximum penalty is imprisonment for not more than sixty days.

{¶ 15} R.C. 2945.72 provides the tolling provisions for speedy trial computation. "However * * * those extensions must be strictly construed against the state." *State v. Williams*, 8th Dist. Cuyahoga No. 107748, 2020-Ohio-378, ¶ 11, citing *State v. Sanders,* 8th Dist. Cuyahoga No. 107253, 2019-Ohio-1524. R.C. 2945.72 provides in relevant part:

> The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
>
> * * *
>
> (C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
>
> * * *
>
> (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
>
> * * *
>
> (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion * * *.

 R.C. 2945.72(C), (E), and (H).

{¶ 16} The complaint was filed October 2, 2018. Smerglia received the summons on October 6, 2018. The case was continued to October 17, 2018, for pretrial, and continued again to November 7, 2018. Smerglia argues that the 45-day

period expired on November 21, 2018. Smerglia admits that the time was tolled from the December 3, 2018 emergency and limited appearance motion filed by counsel to inform the court that defense counsel had resigned from the practice of law on November 21, 2018, and could not represent Smerglia at the scheduled December 5, 2018 hearing and requested a continuance. The new pretrial date was set for January 14, 2019. On December 11, 2018, Smerglia was served with a new summons and agrees that the speedy trial clock recommenced. On January 11, 2019, new defense counsel entered an appearance and states that the defense was ready to proceed on the January 14, 2019. At pretrial, the trial court set the new trial date for February 12, 2019. On February 8, 2019, defense counsel filed a motion to dismiss and on February 11, filed an amend motion to dismiss for speedy trial. The trial court dismissed both motions and trial commenced on February 12, 2019. Smerglia calculates that 120 days accrued for speedy trial purposes after receipt of the initial summons.

{¶ 17} The city arrived at a combined total of 136 days, and counters that R.C. 2945.72(C), (E), and (H) tolled the statute for 91 days and counts only 45 days against the city. According to the city: (1) 24 days were tolled as the result of Smerglia's October 23, 2018 motion for discovery; (2) 19 days were tolled beginning November 15, 2018, due to defense counsel's resignation from law practice; (3) 40 days were tolled effective December 3, 2018, when the emergency motion and limited appearance of counsel was filed to advise of defense counsel's resignation and requested a continuance; (4) three days were tolled from new counsel's

appearance until Smerglia moved to request a trial on January 14, 2019; and (5) five days were tolled by Smerglia's February 8, 2019 motion to dismiss the case. The city calculates that 91 days were tolled and 45 days accrued for speedy trial purposes.

{¶ 18} We conduct a de novo review of the docket to compile a speedy trial calculation. Smerglia was served with a summons on October 6, 2018, and was found guilty of the charge at the February 12, 2019 trial for a total of 130 days.

{¶ 19} The period from the service of summons on October 6, 2018 to the arraignment on October 22, 2018, equals 17 days charged against the city for a speedy trial. Smerglia moved for discovery on October 23, 2018, and on November 7, 2018, Smerglia filed a motion to compel discovery. The city filed its answer to Smerglia's discovery request on November 8, 2018. R.C. 2945.72(H). Smerglia's motion to compel discovery was rendered moot by the city's compliance on November 8, 2018. A discovery motion tolls the speedy trial time. *State v. Bell*, 8th Dist. Cuyahoga No. 87769, 2006-Ohio-6592, ¶ 20, citing *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159. Therefore, we determine that the activities during October 23, 2018, to November 8, 2018, equals 17 days that tolled against Smerglia.

{¶ 20} The trial court continued the November 7, 2018 pretrial to November 14, 2018, per the court's own order. With November 8, 2018, already accounted for as part of the discovery motion period, the days that may be attributed to the speedy trial count are the six days of November 9, 2018, through November 14, 2018.

{¶ 21} The November 14, 2018 judgment entry continues the case to December 5, 2018. The trial court's journal entry does not indicate whether the request was made by a party or the court's own order. However, on December 3, 2018, substitute counsel filed an emergency limited appearance to advise the trial court of prior defense counsel's resignation from the practice of law effective November 21, 2018, and requested a continuance to secure new counsel. R.C. 2945.72(C) tolls the speedy time trial for a period where a defendant is without counsel.

{¶ 22} This case is analogous to *Cleveland v. Beasley*, 8th Dist. Cuyahoga No. 92539, 2010-Ohio-769. In *Beasley*, a scheduled trial date was continued at the court's request to September 10, 2008, which was 56 days after the original trial date. However, on July 23, 2008, a week after the original trial date, counsel filed a notice of disqualification due to a court-ordered CLE suspension. *Beasley* argued that the trial court abused its discretion when it failed to discharge him on speedy trial grounds. This court determined that under R.C. 2945.72(C), once the court received the notice of disqualification, Beasley's lack of counsel facilitated a delay that extended speedy trial. This court went on to state "the fact that a court-ordered continuance had already been entered did not alter the fact that a delay was otherwise necessitated by Beasley's lack of counsel." *Id.* at ¶ 17.

{¶ 23} Thus, November 15, 2018, through November 21, 2018, equates to seven days elapsing against the city for speedy trial purposes. On December 3, 2018, substitute counsel filed a limited appearance for the sole purpose of advising the

trial court of defense counsel's resignation on November 21, 2018, and to request a continuance to obtain counsel. On December 5, 2018, the trial court issued an entry that continued the case to January 14, 2019, and requested issuance of a new summons. The entry states that the continuance was necessary to allow defendant time to hire new counsel. Therefore, we find that the period of November 22, 2018, through January 14, 2019, tolls the speedy trial count under R.C. 2945.72(C).

{¶ 24} New defense counsel filed an appearance on January 11, 2014. The trial was continued by journal entry on January 14, 2019, to February 12, 2019, at defendant's request as indicated therein. Smerglia filed a motion to dismiss for a speedy trial violation on February 8, 2019, that was amended on February 11, 2019. On February 12, 2019, defendant was tried and sentenced. As a result, the speedy trial count was further tolled until the time terminated on February 12, 2019. Therefore, tolling continued pursuant to R.C. 2945.72(H) from January 15, 2019, to February 12, 2019.

{¶ 25} The following chart depicts the trial court's activity in this case:

| Dates | Events | Speedy Days | Tolling Days |
|---|---|---|---|
| October 6, 2018, to October 22, 2018 | Service of summons until arraignment hearing. | 17 | 0 |
| October 23, 2018, to November 8, 2018 | Smerglia moved for discovery. Discovery response served on November 7, 2018, as noted in November 8, 2018, response of city to motion to compel. | 0 | 17 |
| November 9, 2018, to November 14, 2018 | Trial court continued November 7, 2018 pretrial to November 14, 2018. | 6 days

(November 8, 2018, covered in prior entry) | 0 |

| Dates | Events | Speedy Days | Tolling Days |
| --- | --- | --- | --- |
| November 15, 2018, to December 5, 2018 | November 14, 2018 judgment entry continued the November 14, 2018 pretrial to December 5, 2018. Defense counsel was present. Entry does not list at whose request but December 3, 2018 limited notice of appearance advised that defense counsel resigned from law practice effective November 21, 2018, and requested continuance. | 19 days<br><br>(November 15, 2018, to December 3, 2018) | 2<br><br>December 4, 2018, to December 5, 2018. (*See Beasley*, infra.) |
| December 6, 2018, to February 12, 2019 | December 5, 2018, trial court issued judgment entry that continued trial to January 14, 2019, pursuant to emergency request by substitute counsel on December 3, 2018, to allow Smerglia to hire new counsel. New counsel filed entry of appearance on January 11, 2019. The January 14, 2019 judgment entry continued the case for trial to February 12, 2019, at defendant's request. Also, on February 8, 2019, Smerglia moved for a speedy trial violation dismissal, amended the motion on February 11, 2019. The motion was heard and denied on February 12, 2019, and Smerglia entered a plea. | 0 | 69 days |
| **Totals** | | 42 | 88 |

{¶ 26} This court calculates that 42 days elapsed for speedy trial purposes against the city and the balance of 88 days were tolled. Even if this court included the dates of December 4, 2018, and December 5, 2018, for speedy trial purposes, the speedy trial days that elapsed against the state would total 44 days. The 44-day total is also under the 45-day speedy trial limitation for a misdemeanor of the third

degree. We determine that the trial court did not err when it denied Smerglia's motions to dismiss for speedy trial.

{¶ 27} The first assigned error lacks merit.

## B. Sentencing

{¶ 28} The remaining challenges are to Smerglia's sentence. We combine the errors for ease of analysis.

{¶ 29} Smerglia argues that the trial court erroneously considered the subsequently vacated sexual imposition conviction in crafting a sentence; failed to allow counsel to assert arguments and objections and to consider mitigating factors; and failed to properly consider the requirements of R.C. 2929.21 and 2929.22 governing misdemeanor sentences.

### 1. Standard of Review

{¶ 30} "A trial court enjoys broad discretion in imposing sentence on a misdemeanor offense." *Lakewood v. Dobra*, 8th Dist. Cuyahoga No. 106001, 2018-Ohio-960, ¶ 8, citing *Cleveland v. Meehan*, 8th Dist. Cuyahoga No. 100202, 2014-Ohio-2265, ¶ 7. "The sentence imposed by the trial court will not be disturbed on appeal absent an abuse of this discretion." *Id.*

> In fashioning a misdemeanor sentence, a trial court must consider the overriding purposes of misdemeanor sentencing "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21. The trial court must also consider all factors enumerated in R.C. 2929.22(B).

*Id.* at ¶ 9.

{¶ 31} Generally, a trial court's failure to consider the factors is an abuse of discretion. *Id.* at ¶ 10, citing *Maple Hts. v. Sweeney*, 8th Dist. Cuyahoga No. 85415, 2005-Ohio-2820, ¶ 7. "[T]he trial court is not required to make factual findings on the record related to these factors." *Dobra* at ¶ 10, citing *Sweeney* at ¶ 8. "'[A]bsent a showing to the contrary by the defendant,'" "'when a misdemeanor sentence is within the statutory limits, the trial court is presumed to have considered'" the factors required by R.C. 2929.22. *Id.*, quoting *id.*

### 2. Discussion

{¶ 32} R.C. 2929.21 sets forth the purposes of misdemeanor sentencing. "The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A).

> To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public.

*Id.*

{¶ 33} R.C. 2929.22 guides the trial court's determination of an appropriate misdemeanor sentence. Factors include:

> the nature and circumstances of the offense; whether the circumstances indicate that the offender has a history of persistent criminal activity and poses a substantial risk of reoffending; and whether the circumstances regarding the offender and the offense indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences. *See* R.C. 2929.22(B)(1)(a)-(c). Additionally, the court

may consider any other factors that are relevant to achieving the purposes and principles of sentencing. R.C. 2929.22(B)(2).

*S. Euclid v. Bickerstaff*, 8th Dist. Cuyahoga No. 107526, 2019-Ohio-2223, ¶ 8.

{¶ 34} The trial court required that 25-year-old Smerglia acknowledge the impropriety of his conduct. Smerglia apologized to the victim, and the victim addressed the trial court. Defense counsel asked the trial court for leniency based on mitigating factors such as the support of Smerglia's family, his employment, lack of a criminal record, and feelings of remorse. Counsel suggested imposition of a fine or minimal term of probation.

{¶ 35} The trial court rejected defense counsel's suggestion:

Court: If he had been found guilty, he would have been a registered offender for how many years? * * *

City: 15.

Court: — so to think he's gonna walk out of here with a fine, that's not gonna happen. That's not gonna happen.

He was found what? He was found guilty, he had a trial.

City: He did.

Counsel: Well —

Court: — no. He had a trial and, I think, part of it is, just in — there's no dispute of the facts so, and now he's plead guilty, so one's been given great consideration. But to think you gonna walk out of here with just a fine, that is not gonna happen.

He's gonna be, my position is, because I had a similar case and the Court felt, because really what it is, there's now a truth of pleading movement and what that truth of pleading movement is, that they know there are efforts to try to

> circumvent consequences that were, clearly, legislated for certain behavior.

(Tr. 9-11.)

**{¶ 36}** The trial court observed that the amended charge did not include requirements that would have attached if the original charge applied.

> So he is circumventing that, that he doesn't have the label, but he's not gonna walk out of here with a fine.
>
> He's going to get the maximum supervision which is five years. This Court believes that is a fair balance because with registration, that puts the community on notice that the person needs watching. So you need watching, this is a sexual offense.
>
> Now, the actual offense itself, has been sugarcoated a little bit, but, no, you're not gonna walk out of here with a fine.
>
> He's going to get the maximum supervision which is five years. This Court believes that this is a fair balance because with the registration, that puts the community on notice that the person needs watching. So you need watching, this is a sexual offense.

(Tr. 11.)

**{¶ 37}** The trial court continued to explain the considerations and concerns underlying the sentence. Defense counsel objected to the trial court's reference to the previously vacated conviction. The trial court interjected,

> he's pleading guilty now right? * * * The stakes are high. * * * You violated somebody, the world is gonna know for a very long time, very long time. So that you're only being supervised half that time, that's a very good break. * * *
>
> Sentence of the court is $500 and 60 days, the days are suspended. It's five years of active probation with 50 hours of community work service that needs to be completed by December the 31st.
>
> If satisfactorily compliance after two years, it will be inactive.

(Tr. 14-15.)

{¶ 38} Smerglia pled to negligent assault, a third-degree misdemeanor punishable by a fine up to $500.00 and maximum jail time of 60 days or up to five years of probation. R.C. 2929.24. Smerglia was represented by counsel at the sentencing who argued for mitigation. The trial court, though not required to do so, stated its rationale on the record and cited the factors required by R.C. 2929.21 and 2929.22. The sentence in this case was within the statutory limits. *Dobra*, 8th Dist. Cuyahoga No. 106001, 2018-Ohio-960, ¶ 9.

{¶ 39} The second, third, and fourth assigned errors also lack merit.

## IV. Conclusion

{¶ 40} The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN T. GALLAGHER, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR