[Cite as *State v. Hornsby*, 2020-Ohio-1526.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 28322 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-710 |
| | : | |
| GREGORY DALE HORNSBY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of April, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellant

CARLO C. MCGINNIS, Atty. Reg. No. 0019540, 55 Park Avenue, Oakwood, Ohio 45419
    Attorney for Defendant-Appellee

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from the trial court's final order of February 15, 2019, in which the court dismissed the indictment against Defendant-appellee, Gregory Dale Hornsby, pursuant to R.C. 2963.30.   Raising a single assignment of error, the State argues that the court erred by dismissing the indictment because none of the provisions of the statute were applicable under the circumstances.   We find the State's argument to be well taken, and therefore, the order of February 15, 2019, is reversed, and the matter is remanded.

## I. Facts and Procedural History

{¶ 2} On April 25, 2017, a Montgomery County grand jury indicted Hornsby on one count of aggravated possession of fentanyl, a fifth degree felony pursuant to R.C. 2925.11(A) and (C)(1)(a).   The State unsuccessfully attempted to serve the indictment on Hornsby at an Ohio address, and Hornsby did not appear for his originally scheduled arraignment on May 9, 2017, which the trial court continued.   On May 23, 2017, Hornsby again did not appear for arraignment, and the court issued a warrant for his arrest.   The warrant, which was not executed, reported Hornsby's last known address to be a residence in Connersville, Indiana.

{¶ 3} Hornsby filed a petition on December 14, 2018, in which he averred that he was "incarcerated in the Branchville Correctional Facility" in Branchville, Indiana; that he was serving a term there of two years for "his conviction [on the charge] of poss[ession] of narcotic[s] in the circuit court of Fayette County[,] Indiana"; that a "detainer was lodged against [him] on the 23[rd] day of May, 2017"; and that "no action [had since been taken] on [the] detainer."   Defendant's Petition for Resolution of Detainer 1, Dec. 14, 2018. Citing Ind.Code 35-33-10-2 and 35-33-10-3, Hornsby requested "a final disposition on the

indictment/information or charges that [were] pending against him" in the instant case, or in the alternative, that the indictment "be dismissed and the detainer [be] removed with prejudice."[1]  *Id.*  No attempt was made to serve Hornsby at the Branchville Correctional Facility, or to serve the Branchville Correctional Faciltity on Hornsby's behalf, perhaps because the State did not yet know that Hornsby was a prisoner there.

{¶ 4} On December 19, 2018, the trial court entered an order directing the State to file its response to the petition "no later than January 28, 2019," and allowing Hornsby to file a reply "no later than February 28, 2019."  (Emphasis omitted.)  The State did not file a response, and the court dismissed the indictment in its final order of February 15, 2019.  Presumably because he had not yet received a copy of the court's final order, Hornsby filed a notice of imprisonment on February 26, 2019, pursuant to the Interstate Agreement on Detainers as codified under Indiana law—Ind.Code 35-33-10-4.  Given the procedural posture of the case at that time, neither the State nor the trial court responded to the notice.

{¶ 5} On March 11, 2019, the State timely filed a notice of appeal to this court. After being granted several extensions of time, the State filed its brief on August 20, 2019. Following the withdrawal of Hornsby's appointed appellate counsel, effective September 10, 2019, we appointed substitute appellate counsel on October 3, 2019, and counsel filed Hornsby's brief on February 18, 2020, after likewise being granted several

---

[1] Ind.Code 35-33-10-2 applies where "an indictment or information is pending against a defendant" who is confined in the State of Indiana "under a judgment or court order," or who is awaiting trial "for another offense," and requires that the court in which the indictment is pending issue a warrant "upon motion of the prosecuting attorney." Ind.Code 35-33-10-3 applies to extradition proceedings.

extensions of time.

## II. Analysis

{¶ 6} For its single assignment of error, the State contends that:

IN ORDER FOR A DEFENDANT TO TAKE ADVANTAGE OF THE PROCEDURES SET OUT IN OHIO'S VERSION OF THE INTERSTATE AGREEMENT ON DETAINERS, R.C. 2963.30, IT IS NECESSARY THAT A DETAINER FIRST BE PLACED ON THE DEFENDANT. ALTHOUGH A WARRANT FOR HIS ARREST WAS ISSUED, A DETAINER WAS NEVER PLACED ON HORNSBY. THE TRIAL COURT ERRED, THEREFORE, IN DISMISSING HORNSBY'S INDICTMENT UNDER THE AUTHORITY OF R.C. 2963.30.

{¶ 7} The State argues that the trial court erred by dismissing the indictment against Hornsby pursuant to R.C. 2963.30—Ohio's statutory enactment of the Interstate Agreement on Detainers—because the State never lodged a detainer against him. We review the dismissal of the indictment de novo. *See State v. Hagen,* 2d Dist. Champaign No. 2018-CA-12, 2018-Ohio-4045, ¶ 21-22; *State v. Cassel*, 2016-Ohio-3479, 66 N.E.3d 318, ¶ 15 (2d Dist.). Accordingly, we undertake an independent review of the trial court's order, without deference to the court's legal analysis. *See Hagen* at ¶ 21; *City of South Euclid v. Datillo*, 8th Dist. Cuyahoga No. 106687, 2018-Ohio-4711, ¶ 7.

{¶ 8} Hornsby seems to have based his petition on Ind.Code 35-33-10-2, which he cited in his prefatory statement. Defendant's Petition for Resolution of Detainer 1. In his prayer for relief, on the other hand, Hornsby cited Ind.Code 35-33-10-3, which is Indiana's codification of the Uniform Criminal Extradition Act. *Id.* The State construes

the petition to have been based on the latter statute. *See* Appellant's Brief 3. In Ind.Code 35-33-10-2, the word "detainer" appears twice: in the phrase, "warrant of detainer"; and in the phrase, "order of detainer." Ind.Code 35-33-10-2(b)(2). Yet, the word "detainer" does not appear in Ind.Code 35-33-10-3, and for that reason, we find it likely that Hornsby intended to base his petition, instead, on Ind.Code 35-33-10-2.

**{¶ 9}** Regardless, neither of these statutes provided a legal basis for the dismissal of the indictment against Hornsby in the instant case, even had they been controlling. Ind.Code 35-33-10-2 applies where "an indictment or information is pending against a defendant" who is confined in the State of Indiana "under a judgment or court order," or who is awaiting trial "for another offense." *See* Ind.Code 35-33-10-2(a)-(b). Under Ind.Code 35-33-10-2(b), the court in which the indictment is pending must, "upon motion of the prosecuting attorney, issue a warrant of detainer to the court before which the other prosecution is pending." Although no reference is made in the statute to the dismissal of an indictment or information, the word "warrant" and the phrases "warrant of detainer" and "order of detainer" are used interchangeably, perhaps explaining why Hornsby cited it in his petition.[2] *See* Ind.Code 35-33-10-2(a)-(b) (stating, for example, that the "court to which the order of detainer is issued, shall, upon termination of the proceedings before the court, deliver custody of the defendant to the sheriff of the county in which the court issuing the warrant is situated"). Ind.Code 35-33-10-3, moreover, applies to extradition proceedings, rather than to detainers.

---

[2] That is, because the word "warrant" is used in Ind.Code 35-33-10-2 as shorthand for the phrases "order of detainer" and "warrant of detainer," Hornsby might have believed that the warrant for his arrest was a detainer.

**{¶ 10}** Here, the trial court seems to have interpreted Hornsby's petition to implicate Article III or Article IV, or both, of the Interstate Agreement on Detainers. *Compare* Decision Granting Petition for Resolution of Detainer 1, Feb. 15, 2019, *with* R.C. 2963.30(III)(a) and (IV)(a), (c) and (e); *see also* Defendant's Petition for Resolution of Detainer 1. A detainer is "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when [the] release of the prisoner is imminent." (Citations omitted.) *See Carchman v. Nash*, 473 U.S. 716, 719, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985); *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 19, citing *Carchman* at 719. Under Article III of the Interstate Agreement on Detainers, a prisoner against whom an indictment is pending in another jurisdiction "shall be brought to trial within [180] days after" serving the "prosecuting officer and the appropriate court [in the other] jurisdiction" with "written notice of the place of [the prisoner's] imprisonment and his request for a final disposition to be made of the indictment." R.C. 2963.30(III)(a). Under Article IV, the "appropriate officer of the jurisdiction in which an untried indictment * * * is pending shall be entitled to [temporary custody of] a prisoner [in another jurisdiction] against whom [the officer] has lodged a detainer," but if the prisoner is not brought to trial on the indictment "within [120] days of [his] arrival * * * in the receiving" jurisdiction, the indictment must be dismissed.[3] *See* R.C. 2963.30(IV)(a), (c) and (e).

**{¶ 11}** Hornsby claimed in his petition that the State should be ordered to set "a hearing" on the indictment against him in this case, or alternatively, that the indictment

---

[3] Nevertheless, "for good cause shown," the court in the receiving jurisdiction "may grant any necessary or reasonable continuance." R.C. 2963.30(IV)(c).

should be dismissed because "no action [had been] taken" since May 23, 2017, when a "detainer was lodged against [him]." Defendant's Petition for Resolution of Detainer 1. The petition was thus insufficient to invoke Article III of the Interstate Agreement on Detainers because Hornsby had not yet served the requisite notice of imprisonment, nor did he even aver as much. The petition was also insufficient to invoke Article IV of the Interstate Agreement on Detainers because the State's time to bring Hornsby to trial would not have begun to run until he had been transferred from custody in Indiana into custody in Ohio. R.C. 2963.30(IV)(c). More importantly, the State never lodged a detainer against Hornsby, meaning that none of the provisions of Article III or Article IV were applicable.

{¶ 12} In *Carchman*, the United States Supreme Court referred to the legislative history of the Interstate Agreement on Detainers, quoting "comments made by the Council of State Governments, which drafted the Agreement," to the effect that a " 'detainer may be defined as a warrant filed against a person already in custody with the purpose of insuring that he will be available to the authority which has placed the detainer.' " *Carchman* at 726-727, quoting *Suggested State Legislation, Program for 1957*, 74 (1956). Even if this definition were construed to apply to the indictment against Hornsby or the warrant for his arrest, Hornsby would still not have established a legal basis for the dismissal of the indictment pursuant to the Interstate Agreement on Detainers. Under Article III of the Agreement, Hornsby would have been entitled to dismissal only if the State had failed to bring him to trial within 180 days of his serving a notice of imprisonment on the State and the trial court. R.C. 2963.30(III)(a) and (d). Yet, the trial court dismissed the indictment on February 15, 2019, only 63 days after Hornsby filed his

petition. Consequently, assuming that the indictment or the arrest warrant were the equivalent of a detainer, and even assuming further that Hornsby's petition were the equivalent of a notice of imprisonment, Hornsby did not establish a basis for dismissal of the indictment under Article III, because the State's time to try him had not lapsed. Similarly, Hornsby did not demonstrate that dismissal was appropriate under Article IV; the State's time to try him never began to run, because he was not transferred from custody in Indiana into custody in Ohio. R.C. 2963.30(IV)(c).

{¶ 13} Additionally, neither the indictment nor the warrant were served on Branchville Correctional Facility, and neither presented a request that Hornsby be held there so that he could later be transferred into custody in Ohio for trial on the charge against him here. Neither the indictment nor the warrant, therefore, could have functioned as a detainer, because both failed to convey the request that is the defining characteristic of a detainer. *Compare with State v. Smith*, 4th Dist. Ross No. 18CA3627, 2018-Ohio-5020, ¶ 30 (holding that "the Ross County Sheriff's Office placed a detainer" on Smith, the defendant-appellant, by "notif[ying] [authorities in] Texas that Smith had an active warrant in Ohio and ask[ing] [the] Texas [authorities] to hold him for * * * purposes of extradition").

{¶ 14} Hornsby argues in his brief that the dismissal should be affirmed under Crim.R. 47 and 48, or in the alternative, pursuant to the speedy trial requirements of R.C. 2945.71-2945.73. *See* Appellee's Brief 14-16. Yet, Hornsby's petition itself did not provide any legally valid basis for the dismissal of the indictment, and the trial court accordingly had no legally sufficient grounds on which to order that the indictment be dismissed, irrespective of the State's failure to respond to the petition as ordered by the

court pursuant to Crim.R. 47. Furthermore, Crim.R. 48 is inapplicable because the State did not object to the dismissal of the indictment before the court entered its final order of February 15, 2019, and the court itself arguably did not comply with the rule's requirement that it "state on the record its findings of fact and reasons for the dismissal."[4] *See* Crim.R. 48(B); Decision Granting Petition for Resolution of Detainer 1.

{¶ 15} With respect to speedy trial requirements, Hornsby argues that the dismissal of the indictment should be affirmed because, "at all times pertinent," the "State had full authority under R.C. 2963.30 to bring [him] back [to Ohio] for prosecution," but despite having the authority, the State "made a patent election to take no action." *See* Appellee's Brief 15. In other words, Hornsby argues that because the State did not exercise reasonable diligence to secure his availability for trial here, the speedy trial provisions of R.C. 2945.71 should not be tolled pursuant to R.C. 2945.72(A).

{¶ 16} Hornsby was indicted for a fifth degree felony in this case, and under R.C. 2945.71(C), the State would have had to bring him "to trial within [270] days after [his] arrest." The record, however, is insufficient to permit us to determine whether Hornsby was ever arrested, which in turn, prevents us from determining whether his right to a speedy trial has been violated. In his petition, for that matter, Hornsby did not claim that the State violated his right to a speedy trial, and the trial court did not dismiss the indictment pursuant to R.C. 2945.71. Defendant's Petition for Resolution of Detainer 1; Decision Granting Petition for Resolution of Detainer 1. The question, then, of whether

---

[4] The court, for instance, merely noted that Hornsby averred that the State had filed a detainer against him, but it did not make a finding of fact to that effect. Decision Granting Petition for Resolution of Detainer 1.

the State violated Hornsby's right to a speedy trial is beyond the scope of this appeal.

{¶ 17} For all of the foregoing reasons, we hold that the trial court erred by dismissing the indictment. The State's assignment of error is sustained.

### III. Conclusion

{¶ 18} The State did not file a detainer against Hornsby, and as a result, the trial court erred by dismissing the indictment against him pursuant to R.C. 2963.30. Therefore, the trial court's final order of February 15, 2019, is reversed, and the case is remanded to the court for further proceedings consistent with this opinion. On remand, the court and the State should review the notice of imprisonment filed by Hornsby on February 26, 2019, and determine what response, if any, is required.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Carlo C. McGinnis
Hon. Mary E. Montgomery