[Cite as *State v. Yeigh*, 2024-Ohio-2348.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | | Hon. William B. Hoffman, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| TIMOTHY YEIGH, | : | | Case No. 2023 CA 0054 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Richland County
                                  Court of Common Pleas, Case No.
                                  2021-CR-0022


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 June 17, 2024


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JODIE SCHUMACHER                          TODD W. BARSTOW
Prosecuting Attorney                      261 West Johnstown Road Suite 204
Richland County, Ohio                     Columbus, Ohio 43230

By: OLIVIA A. BOYER
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio 44902

*Baldwin, J.*

{¶1}    The appellant, Timothy Yeigh, appeals the trial court's judgment entry denying the appellant's Motion to Dismiss the Indictment. The appellee is the State of Ohio. The relevant facts leading to the appeal are as follows.

### STATEMENT OF THE FACTS AND THE CASE

{¶2}    On January 7, 2022, the Richland County Grand Jury indicted the appellant with one count of Failure to Provide Notice of Change of Address in violation of R.C. §2950.05(F)(1) and one count of Escape in violation of R.C. §2921.34(A)(3).

{¶3}    On April 26, 2022, the appellant filed a Motion of Availability with the clerk of courts.

{¶4}    On August 18, 2022, the appellant filed a Motion to Dismiss.

{¶5}    On September 27, 2022, the State filed a Writ of Habeas Corpus *ad Prosequendrum*, requesting the appellant be brought from the Northeast Ohio Correction Center to Richland County.

{¶6}    On October 4, 2022, the State filed its objections to the appellant's Motion to Dismiss.

{¶7}    On December 30, 2022, the trial court overruled the appellant's Motion to Dismiss.

{¶8}    On February 14, 2023, the State filed a second Writ of Habeas Corpus *ad Prosequendrum*.

{¶9}    On March 3, 2023, the appellant was arraigned, and the trial court appointed counsel.

**{¶10}** On August 30, 2023, pursuant to a plea deal, the appellant entered a plea of no contest to the Failure to Provide Notice of Change of Address. The State dismissed the Escape charge. The trial court imposed a sentence of three years consecutive to any sentence the appellant was currently serving.

**{¶11}** The appellant filed a timely notice of appeal and raised the following Assignment of Error:

**{¶12}** "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY OVERRULING HIS MOTION TO DISMISS THE INDICTMENT."

## STANDARD OF REVIEW

**{¶13}** In reviewing the denial of the appellant's motion to dismiss, we are required to determine whether, as a matter of law, " 'the trial court erred in applying the substantive law to the facts of the case.' " *State v. Gill*, 8th Dist. No. 82742, 2004-Ohio-1245, ¶8, quoting *State v. Williams*, 94 Ohio App.3d 538, 641 N.E.2d 239 (8th Dist.1994).

## ANALYSIS

**{¶14}** The appellant alleges the trial court erred in denying the appellant's Motion to Dismiss. We disagree.

**{¶15}** As a preliminary matter, we note R.C. §2941.401 applies when a person has "entered upon a term of imprisonment in a correctional institution of this state[.]" R.C. §2963.30, the Interstate Agreement on Detainers ("IAD"), applies when a person has "entered upon a term of imprisonment in a penal or correctional institution of a party state."

**{¶16}** The appellant entered upon a term of imprisonment through the federal government at the Bureau of Prisons Federal Correctional Institution in Terre Haute, Indiana. The U.S. Marshals Service temporarily moved the appellant to the Northeast

Ohio Correctional Center in Youngstown, Ohio. The U.S. Marshals Service maintained custody and control of the appellant the entire time. Therefore, R.C. §2963.30 "governs the procedures by which a criminal defendant incarcerated in another jurisdiction must be brought to trial on outstanding charges in a party state." *State v. Harvey*, 8th Dist. Cuyahoga No. 98906, 2013-Ohio-2332, ¶9.

{¶17} In the *case sub judice*, the appellant argues that if R.C. §2941.401 does not apply, then the State failed to file a detainer required by R.C. §2963.30. In addition, if we find that the State filed a detainer, then the appellant substantially complied with the requirements of R.C. §2963.30, Article III(a) and (b). We disagree.

{¶18} "IAD outlines two procedures by which a prisoner against whom a detainer has been lodged may be transferred to the temporary custody of another state for disposition of charges pending there." *State v. Black*, 142 Ohio St.3d 332, 2015-Ohio-513, ¶8. " 'One of these procedures may be invoked by the prisoner; the other by the prosecuting attorney of the receiving State.' " *Id.*, quoting *Cuyler v. Adams*, 449 U.S. 433, 444, 101 S.Ct. 703 (1981). In the case *sub judice*, the appellant initiated the procedure.

{¶19} Therefore, "a federal prisoner must be brought to trial within 180 days following the delivery of written notice to the appropriate trial court *and* prosecutor's office accompanied by" documentation outlined in Article III(A) of R.C. §2963.30. *State v. Barrett*, 8th Dist. Cuyahoga No. 94434, 2010-Ohio-5139, ¶10, citing R.C. §2963.30, Article III(a). Specifically, "Article III(b) requires the prisoner to send written notice requesting final disposition to the 'warden, commissioner of corrections or other official having custody of him.' " *Id.* quoting R.C. §2963.30, Article III(b). The prisoner's request must be accompanied by a certificate from the official who has custody of the prisoner. The

certificate must state "the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner." R.C. §2963.30, Article III(a). The appropriate official is then required to forward the written notice and the accompanying documentation "to the appropriate prosecuting official and court by registered or certified mail, return receipt requested." R.C. §2963.30, Article III(b).

{¶20} "[T]he one-hundred-eighty-day time period set forth in R.C. 2963.30 * * * begins to run when a prisoner substantially complies with the requirements of the statute set forth in Article III(a) and (b) thereof." *State v. Mourey*, 64 Ohio St.3d 482, 485 (1992). " ' "Substantial compliance" requires the defendant to do "everything that could be reasonably expected.' " *Barrett*, 2010-Ohio-5139, at ¶11, quoting *State v. Quinones*, 8th Dist. Cuyahoga No. 86959, 2006-Ohio-4096, ¶17, quoting *State v. Ferguson*, 41 Ohio App.3d 306, 311 (10th Dist.1987).

{¶21} To determine whether Article III of R.C. §2963.30 is applicable to Yeigh's case, we must first determine whether the State lodged a detainer against Yeigh. *See State v. Hornsby*, 2d Dist. Montgomery No. 28322, 2020-Ohio-1526, ¶11. "Although the term 'detainer' is not defined in the IAD, the agreement, by its terms, makes the existence of a detainer a prerequisite to its applicability." *State v. Wells*, 10th Dist. Franklin No. 93AP-1039, 94 Ohio App.3d 48, citing *United States v. Mauro*, 436 U.S. 340, 347-351, 98 S.Ct. 1834 (1978).

{¶22} Given the means employed in Article III to achieve the IAD's purpose, the detainer requirement of the IAD is simply to ensure that prison officials in a "sending state"

have in fact received official notice of criminal charges pending in another state against an inmate; it is not intended to impose technical requirements regarding the form of that notice, as such technical requirements would frustrate the very purpose of the agreement by rendering it inapplicable in many cases where prison officials have in fact been notified that charges are pending in another state against one of their inmates.

*Wells* at 53.

**{¶23}** "Further, the history of IAD reveals that both the drafters of the agreement and the United States Congress had broad and general understandings of what constituted a 'detainer' for purposes of IAD." *Id.* "[A] detainer is 'a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when [the] release of the prisoner is imminent.' " *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, ¶19, quoting *Carchman v. Nash*, 473 U.S. 716, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985). Additionally, in *Carchman*, the United States Supreme Court explained the legislative history of the IAD. The drafters of the IAD, the Council of State Governments, explained detainers as follows: " '[a] detainer may be defined as a warrant filed against a person already in custody with the purpose of insuring that he will be available to the authority which has placed the detainer.' " *Carchman* at 726-727, 105 S.Ct. 3401, quoting *Suggested State Legislation, Program for 1957*, 74 (1956). However, "[a] writ of habeas corpus *ad prosequendum* issued by a federal court to state authorities … is not a detainer within the meaning of the [IAD]." *United States v. Mauro*, 436 U.S. 340, 341, 98 S.Ct.1834, 1837, 56 L.Ed.2d 329 (1978).

**{¶24}** In the case *sub judice*, the State issued a warrant for the appellant's arrest upon the appellant's indictment on January 7, 2022. The appellant filed a Motion of Availability on April 26, 2022, citing the case number, and a Motion to Dismiss filed on August 18, 2022, which Yeigh argues is a request for disposition. The State filed a writ of habeas corpus *ad prosequendum* and argues that this operates as a detainer. However, the United States Supreme Court found in *Mauro* that such a writ is not a detainer. *Id*. The record is somewhat sparse as to the facts around how the detainer was lodged, but the appellant's filings show the officials having custody over Yeigh communicated that a detainer was lodged against the appellant and that the appellant knew to request a final disposition of the indictment. Therefore, in the facts of this case, the warrant was a sufficient detainer as contemplated by R.C. §2963.30.

**{¶25}** Next, we must determine whether the appellant substantially complied with the procedures of R.C. §2963.30. The appellant's Motion of Availability states: "I Timothy Andrew Yeigh on April 20, 2022 submits this handwritten motion to the respected court in regards to the following case #2021CR0022R[.][sic]" Appellant's Motion of Availability. The appellant's address and federal inmate number are listed after that paragraph. No other information is included in the Motion of Availability. The appellant fails to follow the procedure set forth in R.C. §2963.30. The record does not show the appellant provides written notice and request for final disposition to the appropriate official having custody of the appellant; the appellant fails to file a certificate from the appropriate official stating the term of commitment under which the appellant is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the appellant, and any decisions of the state parole agency relating

to the appellant. The appellant also argues the August 18, 2022 Motion to Dismiss functions as a request for final disposition. However, this too is filed directly with clerk of courts and was not given to the appropriate official with custody over the appellant and no certificate containing the information required by R.C. §2963.30, Article III(a) was provided. Therefore, we find the appellant has not substantially complied with the requirements of R.C. §2963.30, Article III(a) and (b).

{¶26}  Accordingly, the appellant's sole Assignment of Error is overruled.

## CONCLUSION

{¶27}  For the forgoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is hereby affirmed.

By: Baldwin, J.

Delaney, P.J. and

Hoffman, J. concur.